**516**

Mabel **NICHOLSON**, Appellant,

v.

T.he **TIME INSURANCE COMPANY**,
Appellee.

Court of Appeals of Tennessee,
Middle Section.

Feb. 23, 1973.

Certiorari Denied by Supreme Court
May 7, 1973.

W. A. Moody, Nashville, for appellant.

Lewis B. Hollabaugh, Manier, Crouch, White & Herod, Nashville, for appellee.

OPINION

SHRIVER, Presiding Judge.

This is a suit to recover benefits under the terms of an insurance policy issued by defendant, The Time Insurance Company, to the plaintiff, Mabel Nicholson, as a result of her illness by reason of which she incurred hospital, medical and surgical expense in excess of $7,000.00. Plaintiff also sues for the 25% statutory penalty, insisting that defendant's refusal to pay was in bad faith.

At the conclusion of the introduction of evidence in the case, the Trial Judge directed a verdict for the defendant and from the decree dismissing plaintiff's suit, she has appealed and assigned errors.

The declaration avers that on May 1, 1970, defendant issued to plaintiff its Major Medical Policy No. 958313, providing for a maximum of $20,000.00 for each injury or sickness, with a deductible amount of $100.00, and maximum daily room benefits in a hospital of $25.00. The said policy provided for a monthly premium of $18.45.

Defendant denied recovery on the ground that the application signed by the plaintiff failed to disclose certain information about her health and treatment for disease, which information was germane to the risk involved and which information, if it had been disclosed to the defendant, would have resulted in refusal of the Company to issue the policy.

Under Rule 36.01, Tennessee Rules of Civil Procedure, a request for admissions was served on the attorney for defendant, and the answer thereto admitted:

(1) That James B. Adkisson was an authorized agent of the defendant;

(2) That said agent, in his own handwriting, filled out the spaces in the application which was attached to and made a part of the policy, with the exception of the signature of the plaintiff;

(3) That, pursuant to this application and the information contained therein, the defendant issued its Policy No. 958313 to Mrs. Mabel Hudson Nicholson;

(4) That no investigation of the medical information set forth in the application was made by the defendant until a claim was submitted by the insured in 1971;

(5) That the policy was in full force and effect until the Company notified defendant of cancellation in October, 1971.

## ASSIGNMENTS OF ERROR

There four assignments, as follows:

"1. The Court erred in sustaining defendant's motion for a directed verdict on both counts of the complaint.

2. The Court erred in failing to direct the jury to return a verdict for the plaintiff, or the Court erred in failing to enter a verdict in favor of the plaintiff in the amount stipulated.

3. The Court erred in deciding a question of fact in dispute where a jury had been demanded.

4. The Court erred in finding as a matter of fact that the testimony of the defendant witness Adkisson was true and that the testimony of the plaintiff was false, a jury having been demanded."

Most of the essential facts are not in dispute, as may be seen from the stipulations or admissions hereinabove set forth.

Mrs. Nicholson testified that she was 57 years old, worked as a clerk in her husband's business, and that the agent of the defendant, James B. Adkisson, approached her for the purpose of selling her a policy of insurance. He filled out the application in his own handwriting in response to questions asked the applicant and her answers.

It will be noted by examining the application that the following questions were asked and answered, the answers being in the handwriting of the agent. For convenience, the answers, which were written with pen and ink, are designated herein by being enclosed in quotation marks:

|  | Yes or No |
|---|---|
| 10. To the best of your knowledge and belief have you or any dependent listed: | |
| a. Been sick or injured, received treatment, taken medication, consulted a doctor, or been hospitalized within the past five years? | "Yes" |
| b. Had an operation or been advised to have any operation at ANY TIME? | "Yes" |
| c. Had a Thyroid disorder, Diabetes, or any Urinary Tract disorder? | "No" |
| d. Had Rheumatism, Heart Disease, Heart Murmur, Gout, Stroke, or High Blood Pressure? | "No" |
| e. Had Arthritis, back, spine, bone, joint, or muscle disorder? | "No" |
| f. Had a female, stomach, intestine or rectal disorder? | "Yes" |

In the column provided in the application form for details, dates, doctors' names and addresses, the following was written in by the agent:

10. a. "Diverticulitis situation, perforated, drained, Dr. Cloyce Bradley, October, 1965, Medical Arts Building, Nashville, Tennessee (10 b.) (10 f.)

b. Hysterectomy, 1963
Dr. Chas. Hobdy, 2212 State Street
Nashville, Tennessee"

In answer to question 13: "Have you a family physician? (Name and Address)", the name and address of Dr. M. Rosenblum, Medical Arts Building, Nashville, Tennessee, is written.

After the issuance of the policy on May 1, 1970, plaintiff, Mrs. Nicholson, had a conversation with an agent of another Insurance Company, in which she asked his opinion as to whether or not the policy issued by The Time Insurance Company was a good policy which would be honored in the event of a claim thereunder, and, as the result of this conversation, she got in touch with the Agent, Mr. Adkisson, who had taken her application, and, thereafter, received a letter from The Time Insurance Company, addressed to Adkisson Agency, Inc., in Nashville, Tennessee, concerning her policy, which letter is as follows:

"Dear Mr. Adkisson
RE: Mrs. Mabel Hudson Nicholson
Policy 958313

I have just been informed by our Claim Department of your conversation with them the other day concerning Mrs. Nicholson's policy.

I wish to advise you that if all her medical history was mentioned on the application, that she has had no other treatment not mentioned and has not seen a doctor since 1965, as indicated on the App., she should have full coverage under the contract.

It is our practice that once a condition is mentioned on the application and no action is taken by the Company, the Insured has coverage for that condition.

So, in this particular case, as I said, if Mrs. Nicholson has had no other treatment other than what is mentioned on the App., she should have no trouble should a claim arise.

If you have any further questions concerning this matter, please do not hesitate to contact me.

Sincerely yours,

/s/ C. R. Barbee
C. R. Barbee, Manager
Underwriting Department
Assistant Secretary"

CRB:ks

After claim was made by Mrs. Nicholson under this policy, she received a letter dated October 25, 1971, as follows:

"Mrs. Horace Nicholson
2913 Berryhill Drive
Nashville, Tennessee 37204

Re: Time Insurance Co.
Policy No. 958313
Mabel H. Nicholson

Dear Mrs. Nicholson:

We have received from Time Insurance Company the enclosed check made out to

you in the amount of $334.50. This represents the premiums which were tendered on the above numbered policy, according to Time Insurance Company.

Time Insurance Company indicates that the Company would have not issued the above policy if the medical history of the past would have been shown in the application taken April 21, 1970.

The premiums being herewith returned to you is for that reason, according to Time Insurance Company.

Very truly yours,

/s/ Jas B. Adkisson<br>Jas. B. Adkisson"

Counsel for the defendant in his brief and argument filed herein states the issues to be decided as follows:

"1. Whether or not plaintiff made a misrepresentation or untrue statement in the application for insurance.

2. If there was a misrepresentation or untrue statement made in the application, was it such as would naturally and reasonably influence the judgment of the insurer in issuing the policy and thereby materially increase the risk of loss."

T.C.A. 56–1103 provides as follows:

*"Misrepresentation or warranty will not avoid policy—Exceptions—*No written or oral misrepresentation or warranty therein made in the negotiations of a contract or policy of insurance, or in the application therefor, by the assured or in his behalf, shall be deemed material or defeat or void the policy or prevent it attaching, unless such misrepresentation or warranty is made with actual intent to deceive, or unless tha matter represented increases the risk of loss."

It is pointed out in the case of Little v. Washington National Insurance Co., 34 Tenn.App. 593, 241 S.W.2d 838, that when it has been determined that the answers in an application for insurance are untrue, it becomes a question of law for the Court as to whether such misrepresentations materially increase the risk of loss within the meaning of the statute, and as was stated in Sloop v. Mutual of Omaha Ins. Co., 55 Tenn.App. 656, 404 S.W.2d 265, any misrepresentation which naturally and reasonably influences the judgment of the insurer in making the contract is a misrepresentation that increases the risk of loss within the meaning of the statute.

It is significant that none of the answers in the application for insurance are alleged to be false or misleading. Mrs. Nicholson answered truthfully all of the questions asked of her by the agent. It is not disputed that, when the question in the application was asked as to whether or not she had had female, stomach, intestine or rectal disorder, she answered, "Yes" and, when asked whether she had consulted a doctor or had been hospitalized within the last five years, and if she had had an operation or had been advised to have one, she answered, "Yes" to both questions. According to her testimony, the soliciting agent then asked her for the name of the operation she had had and she stated that she did not know the name used by the doctor, whereupon, she called Dr. Cloyce Bradley on the telephone and acquainted him with the fact that she was applying for insurance and asked him to give the agent any and all information that he, the doctor, had and that the agent desired, respecting any disease, treatment or operation that she had had. She then turned the telephone over to the agent and heard him ask the doctor about the kind of operation she had had and she observed that the agent wrote into the application such information as he

saw fit to put in said application following his conversation with her doctor. She did not read what he had written and did not question the agent further about it.

The main argument of the defendant is that Mrs. Nicholson had suffered from a duodenal ulcer for several years, which ulcer flared up or became active from time to time, and she was, from time to time, given medication or treatment for this ulcer. However, she did not mention that fact to the agent and the undisputed testimony in the case is that he did not ask her about an ulcer, nor did he pursue the inquiry as to what she had meant when she answered "Yes" to the question, whether she had certain female, stomach, intestine or rectal disorders further than to ascertain the name or type of operation performed by Dr. Bradley on her in 1965.

She did, however, disclose to the agent in the course of their conversation that in 1963 she had had an operation performed by Dr. Charles Hobdy, whose name and the fact of the operation was also written into the application.

On cross-examination, the defendant's witness, Mr. Adkisson, testified that Mrs. Nicholson had had some difficulty explaining her medical condition and that she called her doctor so that the agent could talk to him and, as above stated, he did, in fact, talk to the doctor, and it appears from the record that neither he nor any other representative of the Insurance Company took occasion to consult further with Dr. Bradley or with either of the other two doctors whose names appear in the application as having treated Mrs. Nicholson.

We approach the question whether or not the Trial Judge was in error in directing a verdict for the defendant, bearing in mind the rule announced by this Court and the Supreme Court in numerous cases to the effect that the Trial Judge, in passing upon the motion for a directed verdict, and the reviewing Court on appeal, must look to all of the evidence, take the strongest legitimate view of it in favor of the opponent of the motion, allowing all reasonable inferences from the evidence in favor of the opponent of the motion, discarding all countervailing evidence, and, if there is any dispute as to any material determinative evidence or any doubt as to the conclusion to be drawn from the evidence as a whole, the motion must be denied. Poole v. First Natl. Bank, 29 Tenn.App. 327, 196 S.W.2d 563, and many cases.

Applying the foregoing rule to the case at bar, we are of opinion that the evidence raises a question for submission to the jury with respect to plaintiff's disclosure of all the information normally and reasonably required of the applicant or her failure to fairly and honestly make such disclosure, under the evidence in the record.

It results that Assignments Nos. 1 and 3 are sustained, the judgment of the Trial Court is reversed and the cause remanded for a new trial.

Reversed and remanded.

PURYEAR and TODD, JJ., concur.