**Willodean BREWER, Plaintiff-Appellee,**

v.

**MID–WEST NATIONAL LIFE INSURANCE COMPANY OF TENNESSEE, Defendant-Appellant.**

Court of Appeals of Tennessee, Middle Section.

Aug. 3, 1979.

Certiorari Denied by Supreme Court March 10, 1980.

George G. Gray, Waynesboro, for plaintiff-appellee.

W. W. Lackey, Lackey & Lackey, Savannah, for defendant-appellant.

OPINION

SHRIVER, *Presiding Judge.*

Plaintiff, Willodean Brewer, sued the defendant, Mid–West National Life Insurance Company, alleging that on the 1st day of January, 1976, the defendant issued a life insurance policy on her husband, Condred E. Brewer, wherein she was named the beneficiary; that on the 9th day of February, 1976, the insured died, at which time all premiums on said policy were duly paid and said contract of insurance was in full force and effect; that due notice of the death of the insured and proper claim and proof of loss were filed, however, defendant has failed and refused to pay the proceeds of said insurance and plaintiff alleges that the refusal to pay was not in good faith and, as a consequence of which, she has had to employ counsel and bring suit and incur expenses amounting to more than the 25% penalty provided by Section 56–1105, T.C.A., hence, this suit, and she prays:

1. For process.

2. That she be awarded judgment for $5,234.00, being the face amount of said policy.

3. That she have a jury trial.

4. That the applicable penalty be imposed on defendant as provided by the statute.

In its Answer the defendant admits the issuance of the policy in question and asserts that the decedent in his application for the insurance in question made false answers to questions with respect to his health, physical condition, and treatment for physical ailments, and states:

"Defendant alleges that the representations by the decedent in said application were false and of sufficient importance to naturally and reasonably influence the judgment of the defendant in the issuance of the policy, and that such misrepresentations increased the risk of loss under the policy."

And, while admitting the death of the insured and the fact that the policy was in force and that it received notice of the death of the decedent, nevertheless, it refused to pay the claim because of the false representations of the insured in his application for the policy.

Motion of the defendant for summary judgment was denied and the cause came on to be heard before Special Judge Tom W. Moore and a jury in the Circuit Court of Wayne County, and resulted in a verdict and judgment for plaintiff for $5,234.00, with interest and costs. The motion of defendant for a new trial was overruled and an appeal from the foregoing judgment was duly perfected to this Court and assignments of error have been filed.

–Agreed Facts–

At the outset of the trial, counsel for the respective parties filed a statement of "Agreed Facts," as follows:

"1. The Circuit Court of Wayne County, Tennessee has jurisdiction in this cause.

2. On January 1, 1976, Mid–West National Life Insurance, defendant herein, issued and delivered its policy of life insurance bearing No. 3900217158 in the face amount of $5,234.00 on the life of Condred Emeral Brewer, wherein Willodean Brewer, his wife, was designated beneficiary.

3. All premiums required by said policy were paid up in full on February 9, 1976.

4. Condred Emeral Brewer died February 9, 1976.

5. Proof of death of said insured was duly furnished to the defendant along with the original policy on or about March 10, 1976.

/s/ GEORGE G. GRAY
Counsel for Plaintiff
/s/ W. W. LACKEY
Counsel for Defendant"

–Final Judgment–

Judgment entered in the cause is as follows:

"JUDGMENT

This action came on for trial before the Court, Honorable Tom W. Moore, Special Judge, Part III of the Circuit Court, presiding, and a jury, to–wit:

[Here follows a list of jurors]

who, being duly sworn, and having heard the evidence, argument of counsel and the charge of the Court, including a charge that the jury, in addition to their general verdict, answer certain specific questions returned into open Court and said they found the issues joined in favor of the plaintiff, and that they answered the written questions submitted to them as follows:

A. Were the representations of the decedent, Condred E. Brewer, made in the application true or false when he represented that he had never had or been treated for

|  |  | True | False |
|---|---|---|---|
| 1. | Digestive disorder | ( ) | (x) |
| 2. | Heart disease | (x) | ( ) |
| 3. | Respiratory disorder | ( ) | (x) |

B. Was the representation when he stated he did not know of any other impairment then existing in his health or physical condition true or false?

|  | True | False |
|---|---|---|
|  | (x) | ( ) |

C. Was the representation true or false when he stated that he had not been examined or treated by a doctor during the three years prior to November 25, 1975, the date of the application?

|  | True | False |
|---|---|---|
|  | ( ) | (x) |

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff, Willodean Brewer, recover of the defendant, Mid–West National Life Insurance Company of Tennessee, the sum of FIVE THOUSAND TWO HUNDRED THIRTY–FOUR AND NO/100 ($5,234.00) DOLLARS, with interest at the legal rate, and her costs of action, for all of which execution may issue.

The defendant is allowed thirty (30) days from the entry of this judgment to file its motion for a new trial.

ENTER, this 2nd, day of August, 1978.

/s/  TOM W. MOORE
Special Judge, Part III,
Circuit Court"

–Assignments of Error–

There are eight assignments of error covering almost seven pages of the record and which it will not be necessary to set out seriatim but which we will discuss hereinafter.

Counsel for appellant begins his brief and argument by stating:

"We take the liberty of discussing the first four assignments of error together since it is felt that they raise one basic issue . . ."

For the sake of clarity, we summarize the first four assignments as follows:

1. There is no material evidence to support the verdict of the jury, hence, it was error for the Trial Court to fail to grant defendant's motion for a new trial on this ground.

2. It was error for the Court to overrule defendant's motion made at the conclusion of all of the evidence for a directed verdict. It is argued that this was error because the whole of the proof showed that certain of the statements made by decedent in the application for insurance were false and were of such nature that defendant would have been justified in rejecting the application had it known the truth and these answers naturally increased the risk of loss.

3. That there is no material evidence to support the special verdict of the jury that the answer of the decedent was true wherein he indicated that he had never had or been treated for heart disease since the whole of the proof showed that the decedent had been treated for heart disease for a number of years.

4. This assignment charges error in submitting to the jury the question of whether the misrepresentations contained in the application increased the risk of loss since this was a question for determination by the Court as a matter of law and not a question of fact to be determined by the jury.

In considering these four assignments it is proper for us to look at the application for insurance which is found in the bill of exceptions as Exhibit 22, page 91, et seq., which embraces the policy, including the application.

Said application shows that the occupation of the applicant was that of night watchman or security guard employed by Wayne County and it appears that the policy in question was a Group Policy issued to cover various employees of the County. It indicates that the Plan of Insurance is "Preferred W.L." (Preferred Whole Life), that the total annual premium was $311.76, payable at the rate of $25.98 per month, and that the named beneficiary is Willodean Brewer, applicant's wife. On the face of the application are questions to be answered "Yes" or "No" by marking the appropriate square following the question, said squares being designated "Yes" and "No".

The questions concerning the state of applicant's health and the answers are as follows:

"Have you ever had or been treated for:

| Yes | No | |
|-----|-----|-----|
| ( ) | (x) | Cancer |
| ( ) | (x) | Diabetes |
| ( ) | (x) | Epilepsy |
| ( ) | (x) | Nervous disorder |
| ( ) | (x) | Digestive disorder |
| ( ) | (x) | High Blood Pressure |
| ( ) | (x) | Heart disease |
| ( ) | (x) | Respiratory disorder |
| ( ) | (x) | Female disorder (women only) |

Do you know of any other impairment now existing in your health or physical condition? ( ) Yes (x) No

Have you been examined or treated by a doctor during past three years? ( ) Yes (x) No"

Following the above questions is this statement:

"Information in this application is given to obtain insurance and is true and complete to the best of my knowledge and belief. The Company shall incur no obligation because of this application unless and until a policy is delivered to the applicant and the First Payment is paid in full while the health or other conditions affecting insurability of the applicant are as described in this application.

Signed at Waynesboro, Tennessee this November 25, 1975.

/s/ Condred E. Brewer
(Signature of Applicant)
/s/ Phillip Brumitt
(Signature of Agent)"

Beneath the foregoing is an authorization to any physician or hospital to furnish information to the Insurance Company regarding the applicant's physical condition, medical history, etc., and the signature of decedent, "Condred E. Brewer," appears below this authorization.

The record herein discloses that the insured, Mr. Brewer, had been hospitalized in December, 1969, January, 1970, March, 1970, and December, 1971. During these periods of hospitalization he was treated for duodenal ulcer, for severe bronchitis, and for coronary insufficiency.

Dr. J. V. Mangubat testified that a duodenal ulcer is a disease of the digestive system and that bronchitis is a disease of the respiratory system and that coronary insufficiency is a form of heart disease, and that treatment for the insured included a bland diet for the duodenal ulcer and rest for the heart condition.

It appears also that on one or more occasions Mr. Brewer was hospitalized and suffered from "severe chest pains." Also, Dr. Mangubat testified that in April, 1969, Mr. Brewer suffered from both stomach and chest pains and at that time Mr. Brewer advised him, the doctor, that he, Mr. Brewer, had had the ulcer problem for ten years.

It also appears that Mr. Brewer had consulted the doctor on a number of occasions for similar complaints, including January and December, 1974, and again in January, 1975.

From all of the foregoing it is difficult to escape the conclusion that Mr. Brewer was aware that he had a heart condition in view of the persistent chest pains requiring hospitalization and that his difficulty in breathing and shortness of breath and other symptoms requiring hospitalization would indicate a respiratory disorder, and, certainly, he must have been aware that he had a digestive disorder although his answers in his application were to the effect that he had no digestive disorder, no respiratory disorder, no heart disease, and, certainly, he knew that he had been examined or treated by a doctor during the past three years and that when he answered that question "No," that it was not true.

–Our Conclusions Concerning the Above Facts and Applicable Law–

■ Section 56–1103, T.C.A., provides as follows:

"*Misrepresentation or warranty will not avoid policy–Exceptions.*–No written or oral misrepresentation or warranty therein made in the negotiations of a contract or policy of insurance, or in the application therefor, by the assured or in

his behalf, shall be deemed material or defeat or void the policy or prevent its attaching, unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter represented increases the risk of loss."

In the case of *Little v. Washington National Insurance Co.*, 34 Tenn.App. 593, 241 S.W.2d 838 (1951), in dealing with misrepresentation in an application for an insurance policy, the Court in an Opinion by Judge McAmis, held as follows:

"Any misrepresentation which naturally and reasonably influenced the judgment of the insurer in making the contract, 'increased risk of loss' within the statute which provides that no misrepresentation in the application for insurance policy shall be deemed material unless it increased the risk of loss."

"Inquiries with respect to specific diseases contained in the application for family group policy indicate[d] that the insurer regarded those diseases as material to the risk, and it was the duty of the applicant to fully and frankly disclose the true condition as known to him."

In *Sloop v. Mutual of Omaha Insurance Company*, 55 Tenn.App. 656, 404 S.W.2d 265 (1966), the Court, in an opinion by Judge Cooper, later Chief Justice and presently Associate Justice of the Supreme Court of Tennessee, among other things, held: (663, 404 S.W.2d at 268)

" 'It is the duty of the insured when he signs an application or accepts the policy, if he knows or has any reason or ground to believe that he has any disease or is in unsound health, to make a fair disclosure of the facts to the insurer." Citing numerous cases, including *Little v. Washington National Ins. Co.*, supra.

In said opinion the Court further stated:

"Under this statute, 'any misrepresentation which naturally and reasonably influences the judgment of the insurer in making the contract is a misrepresentation that "increases the risk of loss" within the meaning of the statute.' *Little v. Washington Nat. Ins. Co.*, supra. And when it has been determined that the

answers contained in the application were untrue it becomes a question of law for the court as to whether such misrepresentations materially 'increase the risk of loss' within the meaning of the statute. *Little v. Washington National Ins. Co.*, supra; *Norvill v. Mutual Benefit Health & Accident Association*, 14 Tenn.App. 396; *Standard Life Ins. Co. of the South v. Strong*, 19 Tenn.App. 404, 89 S.W.2d 367; *National Life & Acc. Ins. Co. v. Lewis*, 19 Tenn.App. 459, 89 S.W.2d 898."

Again, in *Bauer v. Mutual of Omaha Insurance Company*, 62 Tenn.App. 189, 460 S.W.2d 366 (1970), this Court, speaking through Presiding Judge McAmis, held:

"Where the insured, having consulted physicians numerous times over a period of years for pain in his lower back, knew he had a serious back condition and for that reason was not in sound health, statement in application for disability policy that he had not been examined by a physician or told of any symptoms of ill health for past five years constituted a misrepresentation material to risk, in that it would naturally and reasonably affect the judgment of the insurer, and as such voided the policy, even though the misrepresentation was not made with actual intent to deceive."

Appellant's *Assignment No. 5* is that the general verdict of the Jury finding the issues in favor of plaintiff was inconsistent with the special verdict of the Jury finding that the decedent falsely represented in his application for the insurance questions as to whether he had been treated for digestive disorder, respiratory disorder, or had been examined or treated by a doctor within three years prior to the date of the application, and it was thus error for the Trial Judge to enter a judgment on the general verdict or refuse to grant a new trial thereon.

The remaining assignments have to do with the testimony of Dr. Mangubat and whether or not he informed the insured that he was suffering from any heart disease and his statement that he may not have told Mr. Brewer that he was suffering

from heart disease. However, it does appear that this doctor gave the Insurance Claims Division of the Retail Credit Company a report dated May 29, 1976, saying that he had informed the patient of the coronary insufficiency in 1970, and the same form implies that the heart problem caused him to be unable to work from January 29, 1970 to March 1st, 1970. It appears from Dr. Mangubat's testimony at the trial that he could remember nothing of these matters and it appears that as to the Retail Credit Form, he did initial same indicating his approval thereof.

It is argued by counsel for the appellee that the appellant failed to show with respect to bronchitis and duodenal ulcer that the applicant was aware that these came within the description of "respiratory disorder" or "digestive disorder."

The writer of this opinion is unable to accept this position of the appellee as being valid and reasonable.

On the whole, we are unable to escape the conclusion that the answers in the application for insurance which were found by the Jury to be false answers, justified the Insurance Company in refusing to pay the claim under this policy.

This is particularly true when we note that in the application the Insurance Company emphasized its concern about the diseases in question and whether or not the applicant was suffering from any of them or had consulted a doctor about such diseases within the last three years. Of significance are the statements in the application that "the information is given to obtain this insurance and is true and complete to the best of my knowledge and belief," and "The Company shall incur no obligation because of this application unless and until the policy is delivered to the applicant and the first payment is paid in full while the health and other conditions affecting the insurability of the applicant are as described in the application," signed, according to the record herein by Condred E. Brewer.

Under the authorities hereinabove quoted, the question whether or not these false answers were material and increased the risk of loss, was a question of law for the Court.

Hence, it would seem that the claim should have been denied, that the inconsistent verdict of the Jury should have been set aside, and a motion for directed verdict for the defendant should have been granted.

It results that the appropriate Assignments, Nos. 1, 2, 3, and 4, are sustained and the judgment of the Trial Court reversed and the suit dismissed. Action on the remaining assignments being thus unnecessary to a decision of this case are pretermitted. Premiums paid by the insured shall be refunded.

The cross–assignments of appellee are overruled.

REVERSED AND DISMISSED.

DROWOTA and LEWIS, JJ., concur.