**Sylvia A. CLINGAN and Joe E. Clingan, Plaintiffs-Appellees,**

v.

**VULCAN LIFE INSURANCE COMPANY, Defendant-Appellant.**

Court of Appeals of Tennessee, Eastern Section.

March 14, 1985.

Permission to Appeal Denied by Supreme Court April 29, 1985.

John T. Milburn Rogers and Kenneth Clark Hood, with Rogers, Laughlin & Nunnally, Greeneville, for defendant-appellant.

G.P. Gaby, with Milligan, Coleman, Fletcher, Gaby & Kilday, Greeneville, for plaintiffs-appellees.

## OPINION

SANDERS, Judge.

Defendant has appealed from a jury verdict in favor of the Plaintiffs in their suit to recover under the terms of a major medical insurance policy issued to the Plaintiffs.

In November, 1979, the Defendant-Appellant, Vulcan Life Insurance Company, issued its major medical insurance policy to the Plaintiff-Appellee, Joe E. Clingan, which also afforded coverage to his wife, Plaintiff-Appellee Sylvia A. Clingan. In February, 1981, while the policy was in force, Sylvia was admitted to the hospital for surgery to remove a ruptured disc. In June Sylvia accidentally fell, sustaining injuries which also required surgery. She filed claims with the Defendant for medical and hospital bills in connection with the surgery and hospitalization, which the Defendant refused to pay, precipitating this litigation.

The Plaintiffs sued the Defendant under the terms of the policy, and as a defense the Defendant said the Plaintiffs failed to furnish full and complete information on the application for insurance. It alleged the Plaintiffs concealed a pre-existing condition or diseases of the Plaintiff, Sylvia, by failing to disclose that between February and December, 1978, she had been treated on some 20 occasions by a physi-

cian for problems relating to her leg and lower back.

The Defendant filed a motion for summary judgment, which was sustained by the trial court, but upon appeal this court reversed, holding that summary judgment was inappropriate. The Defendant filed a petition with the Supreme Court asking for permission to appeal. The application was denied, but the Supreme Court concurred with this court in results only.

Upon remand the case was tried before a jury. At the conclusion of the Plaintiffs' proof and again at the conclusion of all of the proof, the Defendant moved for a directed verdict, which was denied.

The court then submitted the following interrogatories to the jury for a special verdict: "Were all answers listed upon the application for insurance true and complete to the best of complainants' knowledge and belief? Answer yes or no." "If your answer to the above question is 'no' state whether or not such misrepresentation was made with actual intent to deceive. Answer was or was not." The jury answered the first question, "Yes" and did not answer the second question.

Based upon the jury verdict the court entered a judgment against the Defendant for $9,745.23 as hospital and medical expenses incurred in connection with the two operations.

The Defendant's motion for a new trial was overruled and it has appealed.

The thrust of the Appellant's first issue, and the one we find to be controlling, is whether or not the court erred in denying the Defendant's motion for a directed verdict.

In February, 1978, the Plaintiff, Sylvia Clingan, was suffering from low back pain and pain in her left leg. She went to Dr. Roberts, an osteopathic physician in Morristown, for treatment. Dr. Roberts made a tentative diagnosis of lumbosacral strain. He prescribed analgesics to kill the pain which he thought was caused by acute neuralgia in the sciatic nerve and lumbar facei bursitis. He treated her condition with intermittent lumbar traction and diathermy once every three to five days for several months, then once about every 10 days as her condition improved. He treated her on some 27 occasions between February and December, 1978.

In August, 1979, the Complainants went to an insurance agent in Greeneville, as pertinent here, for the purpose of obtaining major medical insurance. A Mr. Shoemaker, agent for the insurance company, filled out the applications for the insurance. He asked the Plaintiffs the pertinent questions on the application forms and filled in the information as furnished by them. Although there were several questions on the applications which would have required a disclosure of Sylvia's ailments and treatments by Dr. Roberts, none of this information was revealed. One of the questions asked was whether she had "received medical advice, treatment in the past five years." Her answer to that question was, "Yes." However, the application states, "If yes, give details." The only information given in response to the question was, "A physical exam (annual) approx. 8 mos. ago Dr. I.R. McKinney, Greeneville, Tennessee, no problems." She was also asked if she had any "sickness ... not stated elsewhere" in the application, to which she answered, "No." There was also a question of whether there had been any disease or disorder to the muscles, spine or bones, which was not answered. Applications were taken from both Mr. and Mrs. Clingan at the same time and although they each testified they were cognizant of the treatment by Dr. Roberts at the time the applications were taken, they did not disclose it to Mr. Shoemaker. Mrs. Clingan's reason for not disclosing the information was, "I thought it was a minor thing because it never did bother me no more." Mr. Clingan's explanation for not disclosing the information was, "They were asking for a medical history and when I went to school a chiropractor wasn't a medical doctor."

After the applications were taken, a physical examination of Mrs. Clingan was made for the Defendant by Dr. McKinney.

Although Dr. McKinney took a medical history of Mrs. Clingan, there is nothing to reveal the treatments by Dr. Roberts. The first time the Defendant was made aware that Mrs. Clingan may have received treatment for disorders not revealed in her application was after her claim had been filed and the Defendant had been furnished with a medical history taken by Dr. Davis, who performed her laminectomy surgery. That history was taken in February, 1981, and states, "History of back and left leg pain for seven or eight months duration. She had a similar episode three years earlier, which responded to conservative therapy." Upon learning of this history, the Defendant contacted Mr. Clingan to ascertain who had rendered the therapy mentioned in the history and was informed it was Dr. Roberts. The Defendant then contacted Dr. Roberts and, after receiving his history of treatments and diagnosis of Mrs. Clingan, denied the claims.

The mere fact that an insured has made a misrepresentation on his or her application is not necessarily sufficient in and of itself to void the policy. "No written or oral misrepresentation or warranty therein made in the negotiations of a contract or policy of insurance, or in the application therefor, by the assured or in his behalf, shall be deemed material or defeat or void the policy or prevent its attaching, unless such misrepresentation . or warranty is made with actual intent to deceive, or unless the matter represented increases the risk of loss." Tenn.Code Ann. § 56–7–103. "Any representation in an application for insurance which naturally and reasonably influences the judgment of the insurer in making the contract is a misrepresentation that 'increases the risk of loss' . . . ." *Lane v. Travelers Indemnity Co.*, 499 S.W.2d 643, 648 (Tenn.App.1973). *See also Tegethoff v. Metropolitan Life Insurance Co.*, 57 Tenn.App. 695, 424 S.W.2d 565 (1966).

■ When it is determined that the answers contained in the application are untrue it becomes a question of law for the court as to whether such misrepresentations materially increase the risk of loss.

*Tegethoff v. Metropolitan Life Ins. Co.*, 57 Tenn.App. 695, 424 S.W.2d 565 (1966). *See also Broyles v. Ford Life Insurance Co.*, 594 S.W.2d 691 (Tenn.1980); *Brewer v. Mid-West National Life Insurance Co.*, 605 S.W.2d 232 (Tenn.App.1979); *Milligan v. MFA Mutual Insurance Co.*, 497 S.W.2d 736 (Tenn.App.1973); *Nicholson v. Time Insurance Co.*, 496 S.W.2d 516 (Tenn.App. 1973).

■ The insured's duty to make a fair disclosure of the facts means that he or she must disclose information which is material to the risk involved. Whether information not disclosed is material is a question of law for the court. *Collins v. Pioneer Title Ins. Co.*, 629 F.2d 429 (6th Cir.1980).

On several occasions in the life insurance context, Tennessee courts have concluded that an insured's failure to disclose prior diseases or disabilities on his or her application increased the risk of loss and rendered the policy void or voidable. *See, e.g., Mutual Life Insurance Co. v. Dibrell*, 137 Tenn. 528, 194 S.W. 581 (1916); *Montgomery v. Reserve Insurance Co.*, 585 S.W.2d 620 (Tenn.App.1979). We believe the same reasoning applies here.

The Defendant called as a witness Mr. Charles Eggert, who is vice president of underwriting for Vulcan. He testified he examined the Plaintiff's application for insurance before the policy was issued and stated, "Had I known this medical history at the time she applied for coverage, if it was on the application or medical exam, I would have placed an exclusion rider in the policy excluding coverage for any type of problem to the lower back or lumbar section of her spinal column."

■ In determining whether or not there has been a material misrepresentation, it is not necessary to find a policy would not have been issued had the facts been known. "It is only necessary to find the misrepresentation was sufficient to deny the insurer of information which it sought to discover and which it must have deemed necessary to an honest appraisal of insurability."

*Johnson v. State Farm Life Insurance Co.,* 633 S.W.2d 484, 488 (Tenn.App.1981).

[redacted] Under the facts we do not need to determine whether the Plaintiff's misrepresentations were made with the intent to deceive, since they unquestionably increased the risk of loss. Since the issue of whether or not a misrepresentation increases the risk is a question of law and since there is no evidence, when construed in the most favorable light for the plaintiff, to support the finding of the jury, we think this case falls within the ambit of *Womack v. Blue Cross and Blue Shield,* 593 S.W.2d 294 (Tenn.1980) and that the court, therefore, should have directed a verdict.

[redacted] The Appellees argue that since this court found, in its opinion reversing the trial court for granting summary judgment, that there were issues of fact which should be submitted to the jury for their determination, that became the law of the case and the trial court was not at liberty to direct a verdict in favor of the defendant. They rely upon the case of *Life & Casualty Insurance Co. v. Jett,* 175 Tenn. 295, 133 S.W.2d 997 (1939) as supportive of their argument.

In the *Jett* case there were two trials. On the first trial, the circuit judge directed a verdict for the Defendant. Upon appeal, this court held the trial court was in error in that the evidence presented a question of fact for the jury's determination, and the Supreme Court denied certiorari. On the second trial, in conformity with the opinion of the court of appeals, the case was submitted to the jury which returned a verdict in favor of the plaintiff. Upon appeal of the second trial the Supreme Court said:

> "Whether or not insured was in sound health at the time this policy was reinstated is not now an open question. On the former hearing in the Court of Appeals, that Court found evidence sufficient to take this issue to the jury for determination. The evidence on the first trial and the evidence on the second trial is said by the Court of Appeals to be substantially the same and this finding is not challenged by defendant Company. The former opinion of the Court of Appeals was the law of the case on the second trial, and the evidence being the same, the circuit judge could not have done otherwise than to submit this issue of sound health to the jury and the jury found for the plaintiff.

While we agree with the holding in the *Jet* case, it is distinguished from the case at bar in two important respects. The verdict was directed in the first case after a trial on the facts which the court found to be substantially the same in both cases. In the case at bar summary judgment was granted without a trial on the merits. In remanding the case, this court said:

> Summary judgment is not to be used as a substitute for a trial on the merits, and a party is not to be forced into trial by affidavit as to disputed issues of material facts. *Evco Corporation v. Ross,* 528 S.W.2d 20 (Tenn.1975); *Womack v. Blue Cross-Blue Shield* (Tenn.1980) 593 S.W.2d 294.

Also, in the *Jet* case, the Supreme Court denied certiorari without qualification, indicating it concurred in the opinion of the court of appeals. In the case at bar, the Supreme Court denied permission to appeal "with concurrence in results only," indicating they only concurred with the holding of this court that summary judgment was inappropriate.

The issues are found in favor of the Appellant. The judgment of the trial court is reversed and the complaint dismissed. The cost of this appeal is taxed to the Appellees.

PARROTT and FRANKS, JJ., concur.