LIFE & CASUALTY INS. CO. *v.* JETT.

(*Knoxville*, September Term, 1939.)

Opinion filed December 8, 1939.

Jac Chambliss and Sizer, Chambliss & Kefauver, all of Chattanooga, for plaintiff in error.

J. F. Wheless, of Chattanooga, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

This is a suit upon a life insurance policy by the beneficiary thereof. There was a judgment for the plaintiff

below, affirmed by the Court of Appeals, and the defendant has filed a petition for *certiorari*.

On May 29, 1929, defendant Insurance Company issued a policy on the life of Oscar Jett, Jr., aged seven years, his mother, plaintiff Leatha Jett, being named as beneficiary. On January 15, 1932, a physician was called to see the child, the latter being ill, and the doctor diagnosed his case as tuberculosis of the left hip joint. After treatment for some eleven months, an operation was performed upon the boy, a portion of a bone from the pelvis being grafted across the hip joint. Prior to the operation, the health of the patient had been built up by proper treatment. Following the operation, a plaster cast was employed until April, 1933, then removed, and a brace used. The use of the brace was gradually discontinued and discarded in January, 1934.

The doctor continued to visit the boy at intervals until September, 1934, and on that date examined the patient and formed the opinion that the tubercular condition was arrested and apparently dismissed the patient.

Before and after September, 1934, and until May 19, 1935, the boy appeared to be in good health, played ball, marbles, and different games with the other children, the only observable effect of his previous trouble being a limp, due to the shortening of his leg by the operation mentioned. On the date last mentioned, May 19, 1935, the child fell sick, a doctor was called in, and his case diagnosed as tubercular meningitis. He was taken to the hospital on May 26, 1935, and died on June 4 following.

This is the second appeal of this case. On the first trial the circuit judge directed a verdict for the defendant. The Court of Appeals reversed this judgment and remanded the case for a new trial. 21 Tenn. App., 266,

109 S. W. (2d), 104. This court denied a petition for *certiorari.* On the second trial, in conformity with the opinion of the Court of Appeals, the case was submitted to the jury and there was, as stated, a verdict and judgment for the plaintiff below for the amount of the policy.

In February, 1935, the policy herein was permitted to lapse for nonpayment of premiums, but in April, 1935, a month or so before the boy's fatal attack, premiums were paid and it was reinstated.

The defendant Insurance Company relies on two provisions of the policy issued to defeat recovery:

"If a policy lapse for nonpayment of premiums, it may be reinstated upon application of insured made within one year from the date to which premiums have been duly paid and payment of all arrears, provided evidence of the insurability of the insured satisfactory to the Company be furnished, but such reinstatement shall not take effect, unless at the date thereof the insured is living and is in sound health.

. . . . . . .

"Within two years from the date of issuance of this policy, the liability of the Company under same shall be limited under the following conditions, to the return of the premium paid thereon:

"If the insured before its date has been rejected for insurance by this or any other company, order or association, or has been attended by a physician for any serious disease or complaint; or has had before its date any pulmonary disease or chronic bronchitis or cancer, or disease of the heart, liver or kidneys."

It is insisted for the defendant that the insured was not in sound health at the time this policy was reinstated

and that sound health at the time the policy was reinstated was a condition of defendant's liability.

Whether or not insured was in sound health at the time this policy was reinstated is not now an open question. On the former hearing in the Court of Appeals, that Court found evidence sufficient to take this issue to the jury for determination. The evidence on the first trial and the evidence on the second trial is said by the Court of Appeals to be substantially the same and this finding is not challenged by defendant Company. The former opinion of the Court of Appeals was the law of the case on the second trial, and the evidence being the same, the circuit judge could not have done otherwise than to submit this issue of sound health to the jury and the jury found for the plaintiff.

The doctrine of the law of the case is applicable where the facts are substantially the same on the second trial, as has been frequently held in this court, and such is the general rule. 5 C. J. S., Appeal and Error, section 1964, page 1508.

The other proposition of the defendant Company is that the reinstated policy must be viewed as a new contract and that the provision that liability shall be limited to the return of the premiums paid if insured "has been attended by a physician for any serious disease or complaint" is effective to preclude recovery of the face of this policy. That is to say, that the policy should be treated as having been issued on the date of reinstatement and that attendance by a physician on the patient for any serious disease or complaint prior to the date of reinstatement would put into effect the limitation of the liability clause.

The defendant Company relies on *Life Insurance Co.* v. *Galbraith,* 115 Tenn., 471, 91 S. W., 204. In that case

a life insurance policy was permitted to lapse and was reinstated upon fraudulent representations of the insured as to the condition of his health at that time. The reinstatement occurred more than two years after the date of the original policy and the beneficiary of the policy relied on the provision in that contract that it should be incontestable after two years. This court, however, referred the two-year incontestable clause to the date of the reinstatement.

In the case before us, according to the verdict of the jury, there was no fraud here in securing the reinstatement and the insured was in sound health at that time.

A reinstated or substituted policy is not always treated as a new and independent contract, but sometimes is treated as a mere continuation of the original policy. It depends on the circumstances of each case. See *Baugh* v. *Metropolitan Life Ins. Co.,* 173 Tenn., 352, 117 S. W. (2d), 742; *Silliman* v. *Insurance Co.,* 131 Tenn., 303, 174 S. W., 1131, L. R. A., 1915F, 707.

In the case before us, by the terms of its contract, defendant Insurance Company had agreed to reinstate a lapsed policy upon payment of all arrears, provided evidence of insurability was furnished and provided the insured was living and in sound health. It is conceded that all these conditions were complied with except that insured was not in sound health and the latter contention has been found against the defendant.

Here was an express covenant on the part of defendant to reinstate the policy upon stipulated conditions, and, as the case comes before us, there has been compliance with all these conditions. To so construe the contract as to permit a provision referable to its original date as referable to the date of reinstatement would permit the Company to escape an obligation it

had assumed on named conditions. In other words, the two provisions of the policy would be repugnant, and under such circumstances the insured must have the benefit of the ambiguity.

Quite a hardship might be worked by interpreting the policy as defendant Company insists. Suppose the policy issued upon a truthful statement of the insured that he has never been attended by a physician for any serious disease or complaint. Premiums are paid for several years thereafter and then the insured has a serious disease or complaint and is attended by a physician. The insured entirely recovers, regains sound health, but meanwhile his policy is lapsed for nonpayment of the premiums. He takes advantage of the insurer's undertaking to reinstate the policy upon compliance with certain conditions—sound health among others. No fraud attends the reinstatement. Yet, when the insured later gets sick and dies, the company invokes a condition referable to the date of the original policy, as a condition referable to the reinstatement, to defeat liability. Such is the matter before us, according to the law of this case previously declared, and the subsequent verdict of the jury and the judgment of the trial court.

The petition for *certiorari* is denied.