FILED

August 31, 1998

Cecil W. Crowson
Appellate Court Clerk

**IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE**

FOR PUBLICATION

**Filed:** August 31, 1998

|  |  |  |
|---|---|---|
| MEMPHIS PUBLISHING COMPANY, | ) | |
| | ) | DAVIDSON CHANCERY |
| Appellee, | ) | |
| | ) | |
| v. | ) | Hon. Irvin H. Kilcrease, Jr., |
| | ) | Chancellor |
| TENNESSEE PETROLEUM | ) | |
| UNDERGROUND STORAGE TANK | ) | |
| BOARD, AND J.W. LUNA AS | ) | |
| COMMISSIONER OF THE | ) | |
| TENNESSEE DEPARTMENT OF | ) | |
| ENVIRONMENT AND | ) | |
| CONSERVATION, | ) | |
| | ) | |
| Appellants. | ) | |
| | ) | |
| | ) | No. 01S01-9710-CH-00232 |

For the Appellant:

John Knox Walkup
Attorney General & Reporter

Michael E. Moore
Solicitor General

Barry Turner
Deputy Attorney General
Nashville, Tennessee

For the Appellee:

S. Russell Headrick
Stephen P. Hale
Memphis, Tennessee

O P I N I O N

AFFIRMED.                                    DROWOTA, J.

The issue in this appeal is whether the law of the case doctrine applies on remand to issues implicitly decided by an intermediate appellate court if this Court denied permission to appeal from that decision, but concurred in results only. For the reasons that follow, we hold that the law of the case doctrine applies to all issues decided either implicitly or explicitly by an intermediate appellate court. This Court's denial of permission to appeal with concurrence in results only does not alter this longstanding rule. Accordingly, we affirm the judgment of the Chancellor and the Court of Appeals.

## BACKGROUND

This case is on appeal for the second time. The first appeal arose when the plaintiff, Memphis Publishing Company, (hereinafter MPC), was denied reimbursement for remediation expenses incurred as a result of an August 1987 release from its underground storage tank. The Underground Storage Tank Fund from which MPC sought reimbursement was created by the Tennessee Petroleum Underground Storage Tank Act of 1988.[1] The Act became effective on July 1, 1988. It is administered by the defendants, the Tennessee Petroleum Underground Storage Tank Board and J.W. Luna, as Commissioner of the Tennessee Department of Environment and Conservation.

Though MPC discovered and reported the release from its underground storage tank prior to July 1, 1988, the majority of its assessment and remediation efforts occurred after that date. MPC filed its application for reimbursement with the

---

[1]The law is codified at Tenn. Code Ann. § 68-215-101 et seq.

Board on September 1990. After a contested case hearing, the Board denied the application by a final decision and order. The Board stated that MPC was not eligible for reimbursement from the Fund because the release had occurred prior to July 1, 1988, the effective date of the Act which created the Fund. The Board's finding was based upon an April 1990 amendment to the original Act which stated: "[i]t is the intent of the general assembly that this chapter shall not apply retroactively to releases or other events that occurred prior to July 1, 1998." Tenn. Code Ann. § 68-215-102(c) (1996 Repl.).

MPC sought judicial review requesting that the Chancery Court declare the 1990 amendment unconstitutional retrospective legislation. The Chancellor affirmed the decision of the Board stating:

> [MPC] submits that it had a vested right to claim reimbursement from the fund established by the UST Act, and that the 1990 amendment impairs this right. The provisions of the Act establishing the UST Fund create new substantive rights, and cannot be retroactively applied. [citation omitted.] The provision added by the 1990 amendment simply confirmed and ratified the original intent of the General Assembly that the UST Act is not to be given retrospective application.
>
> It is undisputed that MPC discovered and reported the release from its underground storage tank in August of 1987. The Department has consistently followed its policy of using the date of the discovery of the release as the applicable date under the UST Act. MPC's actions took place well before the effective date of the UST Act on July 1, 1988. This Court concludes that MPC never had a vested right to claim reimbursement from the fund because the Act does not apply to releases, like MPC's that occurred prior to the July 1, 1988 effective date of the Act.

MPC appealed from the Chancellor's ruling. The Court of Appeals concluded that at the time the Act passed, the General Assembly had intended to provide

-4-

reimbursement from the Fund for "all releases regardless of date." Specifically, the

Court of Appeals stated as follows:

> MPC presents the following issue for our consideration: 'Whether the trial court erred in holding that MPC had no right to reimbursement from the Fund under the Original Act,' which became effective 1 July 1988....
>
> * * * *
>
> We find nothing in the sweeping nature of the perceived problems addressed by the Original Act, the description of the comprehensive regulatory mechanism, nor the description of the broad purposes of the Fund, to suggest or imply any date limitation on the 'releases' covered under the Original Act.
>
> * * * *
>
> Both the Board and the Chancellor, in determining that MPC was not entitled to recover, relied on the 1990 Amendment which set forth the general assembly's 'intent' to restrict recovery to releases or other events which occurred after 1 July 1988.
>
> While a later general assembly's understanding of what an Act intended is not binding, it is entitled to deference. Legislative interpretation of a prior statute is entitled to respectful consideration, but is not controlling on the courts.
>
> Following the fundamental rule of statutory construction, this court must ascertain and give effect to the intention or purpose of the legislature as expressed in the statute.
>
> We are of the opinion that the legislature intended to cover all releases without regard to the date on which they may have occurred.
>
> * * * *
>
> The Original Act was intended to cover, from a Fund reimbursement perspective, all releases regardless of date. . . . This issue is sustained.
>
> Because of our holding regarding this issue, we pretermit all other issues raised by MPC. The judgment of the trial court in affirming the decision of the Board and Commissioner is reversed and the cause remanded to the trial court for further, necessary proceedings.

(Internal citations omitted.)

Thereafter, the defendants filed an application for permission to appeal from the judgment of the Court of Appeals. This Court denied the application, concurring in results only. The mandate issued, and the case returned to the trial court for further proceedings.

In the trial court, the defendants again contended that MPC had no right to reimbursement from the Fund because of the 1990 amendment to the Act. In contrast, MPC asserted that the Court of Appeals opinion established the law of the case on remand. The Chancellor agreed, stating "[t]he decision of the Court of Appeals makes it clear that the petitioner's release is to be covered regardless of the date on which the release occurred. The Supreme Court's concurrence 'in results only' does not change this fact."

The defendants appealed, arguing that when this Court denies permission to appeal with concurrence in results only, the law of the case doctrine applies on remand only to issues which were explicitly addressed by the intermediate appellate court decision. The Court of Appeals rejected this argument and affirmed the Chancellor's decision. Thereafter, we granted permission to appeal to consider whether this Court's denial of an application for permission to appeal with concurrence in results only precludes application of the law of the case doctrine on remand to issues implicitly resolved by the intermediate appellate court decision. For the reasons that follow, we affirm the judgment of the Court of Appeals.

## LAW OF THE CASE DOCTRINE

The phrase "law of the case" refers to a legal doctrine which generally prohibits reconsideration of issues that have already been decided in a prior appeal of the same case. 5 Am.Jur.2d Appellate Review § 605 (1995). In other words, under the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. Life & Casualty Ins. Co. v. Jett, 175 Tenn. 295, 299, 133 S.W.2d 997, 998-99 (1939); Ladd v. Honda Motor Co., Ltd., 939 S.W.2d 83, 90 (Tenn. App. 1996). The doctrine applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication. Ladd, 939 S.W.2d at 90 (citing other authority). The doctrine does not apply to dicta. Ridley v. Haiman, 164 Tenn. 239, 248-49, 47 S.W.2d 750, 752-53 (1932); Ladd, 939 S.W.2d at 90.

The law of the case doctrine is not a constitutional mandate nor a limitation on the power of a court. 5 Am. Jur.2d Appellate Review § 605 (1995); Ladd, 939 S.W.2d at 90. Rather, it is a longstanding discretionary rule of judicial practice which is based on the common sense recognition that issues previously litigated and decided by a court of competent jurisdiction ordinarily need not be revisited. Ladd, 939 S.W.2d at 90 (citing other cases). This rule promotes the finality and efficiency of the judicial process, avoids indefinite relitigation of the same issue, fosters consistent results in the same litigation, and assures the obedience of lower courts to the decisions of appellate courts. Ladd, 939 S.W.2d at 90; 5 Am.Jur.2d Appellate Review § 605 (1995); 1B James W. Moore, Moore's Federal Practice ¶ 0.404[1] (2d ed. 1995); 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal

Practice and Procedure § 4478, at 790 (1981).

Therefore, when an initial appeal results in a remand to the trial court, the decision of the appellate court establishes the law of the case which generally must be followed upon remand by the trial court, and by an appellate court if a second appeal is taken from the judgment of the trial court entered after remand. Miller, supra, ¶ 0.404[1]. There are limited circumstances which may justify reconsideration of an issue which was issue decided in a prior appeal: (1) the evidence offered at a trial or hearing after remand was substantially different from the evidence in the initial proceeding; (2) the prior ruling was clearly erroneous and would result in a manifest injustice if allowed to stand; or (3) the prior decision is contrary to a change in the controlling law which has occurred between the first and second appeal. See generally 5 Am.Jur.2d Appellate Review §§ 611-613 (1995 & 1998 Supp.); Miller, supra, ¶ 0.404[1]; Wright, et al., supra, § 4478, at 790; see e.g. Jett, 175 Tenn. at 299, 133 S.W.2d at 999 ("The former opinion of the Court of Appeals was the law of the case on the second trial, and the evidence being the same, the circuit judge could not have done otherwise than to submit this issue of sound health to the jury...."); Clingan v. Vulcan Life Ins. Co., 694 S.W.2d 327 (Tenn. App. 1985) (The initial appeal did not establish the law of the case because the facts in the second appeal were not substantially the same as the facts in the prior appeal); Arizona v. California, 460 U.S. 605, 618, n. 8, 103 S.Ct. 1382, 1391, n. 8, 75 L.Ed.2d 318 (1983) (The doctrine does not apply if the court is "convinced that [its prior decision] is clearly erroneous and would work a manifest injustice."); Sherley v. Commonwealth, 889 S.W.2d 794, 798 (Ky. 1994) (The law of the case doctrine does not apply where there has been an intervening change of controlling authority.)

Having outlined the parameters of the law of the case doctrine, we must next consider the defendants' contention that the doctrine should not apply to issues implicitly resolved by an intermediate appellate court decision which this Court declined to review with concurrence in results only.

We have previously stated that, when we deny discretionary review, this Court is not necessarily committed to all the views expressed in the opinion of the intermediate appellate court. Meadows v. State, 849 S.W.2d 748, 752 (Tenn. 1993); Adams v. State, 547 S.W.2d 553, 556 (Tenn. 1977); Street v. Calvert, 541 S.W.2d 576, 587 (Tenn. 1976); Bryan v. Aetna Life Ins. Co., 174 Tenn. 602, 611, 130 S.W.2d 85, 88 (1939). We discussed in Meadows the practical reasons for this rule.

This Court's use of the denial with concurrence in results only designation has been founded upon similar considerations. For example, simply because of the sheer volume of applications for appeal, this Court does not have the ability to grant review and write an opinion in every case in which it disagrees with some portion of the intermediate appellate court decision. In addition, the problematic portion of the intermediate appellate decision is not always raised as an issue by the parties in their applications for review. Occasionally, the issue is raised, but the record is deficient. On other occasions, the troubling rationale of the intermediate appellate court relates to a well-settled area of the law, so there is no need for another decision of this Court. In all these circumstances our ability to deny review with concurrence in results only precludes publication of the intermediate appellate court decision, Pairamore v. Pairamore, 547 S.W.2d 545, 548 (Tenn. 1977); see also Rule 4.4, Rules of Tenn. Sup. Ct. This designation also alerts the bench and the bar that this

Court disagrees with some aspect of the intermediate appellate court decision. Consequently, this designation has been an important tool which has enabled this Court to efficiently utilize the judicial resources at its disposal and to carefully supervise the jurisprudence in this State.

However, this Court's denial of review with concurrence in results only does not lessen the application of the law of the case doctrine with respect to issues which were explicitly or implicitly resolved by the intermediate appellate court decision. To the contrary, generally such a denial reflects this Court's specific conclusion that the intermediate appellate court reached the correct result, although we may disagree with a portion of the underlying rationale. Therefore, an intermediate appellate court decision constitutes the law of the case with regard to the parties involved in the case despite this Court's denial of review by concurrence in results only. Ladd, 939 S.W.2d at 91; Patton v. McHone, 822 S.W.2d 608, 615, n.10 (Tenn. App. 1991).

## CONCLUSION

Applying these principles to the facts in this appeal, we hold that the decision of the Court of Appeals in the first appeal of this case is controlling as the law of the case despite this Court's denial of review with concurrence in results only. There are no grounds which justify reconsideration of the issue. The evidence offered following the remand was substantially the same as in the initial proceeding. The prior ruling was not clearly erroneous, and there has been no change in the controlling law between the first and second appeal. The effect of the 1990 amendment on MPC's right to reimbursement from the Fund was at issue in the initial trial and appellate proceedings as is evident from the decisions of both the trial court and the Court of

-10-

Appeals. Although implicitly decided, a determination of this issue was necessary and essential to the decision of the Court of Appeals which reversed the trial court's judgment. This Court's denial of review with concurrence in results only does not abrogate the law of the case effect of that decision.

Consequently, we affirm the decision of the Court of Appeals which upheld the Chancellor's finding that the law of the case, as established by the initial decision of the Court of Appeals, "makes it clear that the petitioner's release is to be covered regardless of the date on which the release occurred." This cause is remanded to the Chancery Court with instructions that the matter be remanded to the Tennessee Petroleum Underground Storage Tank Board for a determination of the reasonableness and necessity of the remediation expenses claimed by Memphis Publishing Company.

_____
FRANK F. DROWOTA, III,
JUSTICE

**Concur:**
Anderson, C.J.
Birch, Holder, Barker, JJ.