IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
JULY 13, 2005 Session

**IN RE: ESTATE OF HAROLD L. JENKINS, DECEASED**
**DOLORES HENRY JENKINS v. JONI L. JENKINS, ET AL.**

**Direct Appeal from the Probate Court for Sumner County**
**No. 93P-30     Tom E. Gray, Judge**

---

**No. M2004-01352-COA-R3-CV - Filed December 20, 2005**

---

In this appeal, we are asked by the appellant to determine whether the probate court erred when it did not include income earned from the decedent's intellectual property after July 1, 2000 when it calculated the surviving spouse's elective share under the changing fraction method pursuant to the Tennessee Uniform Principal and Income Act. The appellees assert that this issue was decided in the first appeal of this case and that the ruling in that appeal is the law of the case. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Probate Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Timothy L. Warnock, Amy C. Kurzweg, Michael D. Sontag, Nashville, TN, for Appellant

Charles W. McElroy, Brenda Rhoton Clark, Nashville, TN, for Appellees

**OPINION**

### I.   STATEMENT OF FACTS & PROCEDURAL HISTORY

This is the third time that this case has been before the Court. In our second opinion concerning this case, we noted the following pertinent factual and procedural history:

> This is the second time that this case has been before the Court, and the pertinent factual and procedural history is set out in the Court's opinion, which we quote:

Harold L. Jenkins ("Decedent"), professionally known as Conway Twitty, died on June 5, 1993. Prior to his death, the Decedent executed a last will and testament and two codicils bequeathing $ 50,000.00 to Velma Dunaway, the Decedent's mother, and the remainder of his estate to Joni Jenkins, Kathy Jenkins, Jimmy Jenkins, and Michael Jenkins ("Children"), the Decedent's four adult children. On June 14, 1993, these documents were admitted to probate and Hugh Carden and Donald Garis ("Co-Executors") were appointed to serve as the co-executors of the Decedent's estate.

The Decedent's surviving spouse, Dolores Henry Jenkins ("Surviving Spouse" [or "Appellant"]), filed a petition for an elective share of the Decedent's estate on December 10, 1993. A dispute subsequently arose among the parties regarding the proper calculation of the Surviving Spouse's elective share. Consequently, the Decedent's daughters Joni and Kathy Jenkins filed a motion requesting that the trial court make a determination regarding the value of the Surviving Spouse's elective share. . . .

*In re Estate of Jenkins*, 8 S.W.3d 277, 278 (Tenn. Ct. App. 1999). [hereinafter "*Jenkins I*"].

The chancery court, inter alia, ruled that the "changing fraction" method rather than the "fixed fraction" method should be used when calculating the surviving spouse's share of the income generated by the assets in the decedent's estate prior to the distribution of her elective share. The court reversed and held that the "fixed fraction" method was the correct method for calculation. The case was remanded for further proceedings consistent with the opinion.

Following *Jenkins I*, the Tennessee legislature amended the TUPIA  to conform with the 1997 version of the Uniform Principal and Income Act ("UPIA").  In response to this amendment of the TUPIA, the co-executors of the estate moved the probate court to make a determination as to whether the executors should apply the fixed-fraction or changing-fraction method in calculating the Surviving Spouse's share of income generated by the property in the

estate. Two of the heirs of the estate, Joni and Kathy Jenkins, (the "Heirs" [or "Appellees"]) in their Response to the co-executors' Motion, challenged the constitutionality of the application of the revised TUPIA to this case, and gave notice to the Tennessee Attorney General of the constitutional challenge.

On June 21, 2000, the chancery court entered an Order which provides:

> This cause came on to be heard on June 16, 2000, upon the motion of the Co-Executors of the estate of Harold L. Jenkins for instructions regarding the interpretation and application of the revised Tennessee Uniform Principal and Income Act passed by the Tennessee General Assembly and approved by the Governor on May 24, 2000, to the distributions made in this estate; said motion was heard on the basis of said motion, a copy of said Act, attached thereto; the responses of the surviving spouse and heirs Joni and Kathy Jenkins, including their notice of a challenge to the constitutionality of said Act, as applied to this estate; a legal memorandum filed by the Co-Executors; the arguments of counsel at the hearing on said motion, and the entire record in the cause;

Following said hearing, and consideration by the Court of all of the foregoing, the Court made the following findings:

> The Court finds that the Act, Title 35, Chapter 6, as amended, is not applicable to this case; what is applicable is the law under which the Court of Appeals wrote its opinion, and the law under which this Court had given its opinion; the reason that it's not applicable is because this Court has previously given its opinion, and that opinion was reversed by the Court of Appeals, and the Supreme Court did not hear the issue; the Court had directed the Co-Executors to go ahead, utilizing the Court of Appeals' opinion, to calculate the share of the surviving spouse, and what would be then for the children, who are the other heirs, and this was all done prior to May 15, 2000; the court is therefore of the opinion that the Co-

> Executors shall proceed, pursuant to previous law, without consideration of the Uniform Principal and [Income] Act, as amended.
>
> The Court therefore directs and instructs the Co-Executors to proceed pursuant to previous law, without consideration of such Act, and the Court further instructs and directs the Co-Executors that once they have done their work of calculating the share of the surviving spouse, if there is any issue about the application of the Uniform Principal and Income Act adopted in Tennessee, said issue shall be between the surviving spouse and the children, and if said surviving spouse or children wish to appeal the Court's ruling, they may do so, but the Co-Executors will follow the directions of this Court.

*In re Estate of Jenkins*, 97 S.W.3d 126, 128-30 (Tenn. Ct. App. 2002) (footnotes omitted) [hereinafter "*Jenkins II*"].

In *Jenkins II*, the Surviving Spouse presented one issue, which was "[w]hether the probate court must apply that provision of the TUPIA, as amended, that mandates the application of the changing-fraction method to calculation of the surviving spouse's elective share." *Id.* at 130. As to that issue, we found that the probate court must apply the changing-fraction method when it calculated Surviving Spouse's elective share of income received after July 1, 2000. *Id.* at 132.

On remand, the Co-Executors proposed a final distribution of the estate and a method of calculation for the Surviving Spouse's elective share. The Surviving Spouse objected to this calculation claiming that the calculation failed to allocate all interest income generated by the estate, including interest income earned from intellectual property on or after July 1, 2000. On May 16, 2003, the probate court entered an order approving the Co-Executors' proposal for final distribution of the estate and method of calculation for the Surviving Spouse's elective share. On May 13, 2004, the probate court granted the Co-Executors' motion to declare final and appealable the probate court's order of May 16, 2003 and to approve a final distribution of the estate, conditioned on maintenance of appropriate reserves to adjust for outcome of appeals and final administrative expenses.

## II. ISSUES PRESENTED

Appellant has timely filed a notice of appeal and presents the following issue for review:

1.      Whether the Amended Uniform Principal and Income Act of 1997 requires the probate court to apply the changing-fraction method of allocation to all income earned on or after July 1,

-4-

2000, including income earned as a result of intellectual property, with respect to calculating a surviving spouse's elective share.

Appellee has presented the following issues for review:

2.      Whether the doctrine of the law of the case bars this Court from reconsidering the issue raised by Appellant;
3.      Whether the Co-Executors correctly determined that the Surviving Spouse, having already received credit for her share of the intellectual property income stream as part of her elective share valuation, was not entitled to another share of the same income; and
4.      Whether this appeal is frivolous within the meaning of section 27-1-122 of the Tennessee Code.

For the following reasons, we affirm the decision of the probate court and find that this appeal is not frivolous.

## III.   DISCUSSION

### A.   *Law of the Case Doctrine*

On appeal, Appellees argue that the issue presented by Appellant has been decided in *Jenkins I* and that the law of the case doctrine prohibits reconsideration of the issue.  We agree.

In *Memphis Publishing Company v. Tennessee Petroleum Underground Storage Tank Board*, 975 S.W.2d 303 (Tenn. 1998), our Supreme Court stated:

> The phrase "law of the case" refers to a legal doctrine which generally prohibits reconsideration of issues that have already been decided in a prior appeal of the same case.  5 Am. Jur. 2d *Appellate Review* § 605 (1995).  In other words, under the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. *Life & Casualty Ins. Co. v. Jett*, 175 Tenn. 295, 299, 133 S.W.2d 997, 998-99 (1939); *Ladd v. Honda Motor Co., Ltd.*, 939 S.W.2d 83, 90 (Tenn. App. 1996). The doctrine applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication. *Ladd*, 939 S.W.2d at 90 (citing other authority). The doctrine does not apply to dicta.  *Ridley v. Haiman*, 164 Tenn. 239, 248-49, 47 S.W.2d 750, 752-53 (1932); *Ladd*, 939 S.W.2d at 90.
>
> The law of the case doctrine is not a constitutional mandate nor a limitation on the power of a court. 5 Am. Jur.2d *Appellate*

*Review* § 605 (1995); *Ladd*, 939 S.W.2d at 90. Rather, it is a longstanding discretionary rule of judicial practice which is based on the common sense recognition that issues previously litigated and decided by a court of competent jurisdiction ordinarily need not be revisited. *Ladd*, 939 S.W.2d at 90 (citing other cases). This rule promotes the finality and efficiency of the judicial process, avoids indefinite relitigation of the same issue, fosters consistent results in the same litigation, and assures the obedience of lower courts to the decisions of appellate courts. *Ladd*, 939 S.W.2d at 90; 5 Am. Jur. 2d *Appellate Review* § 605 (1995); 1B James W. Moore, Moore's Federal Practice P0.404[1] (2d ed. 1995); 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4478, at 790 (1981).

Therefore, when an initial appeal results in a remand to the trial court, the decision of the appellate court establishes the law of the case which generally must be followed upon remand by the trial court, and by an appellate court if a second appeal is taken from the judgment of the trial court entered after remand. Miller, *supra*, P0.404[1]. There are limited circumstances which may justify reconsideration of an issue which was issue decided in a prior appeal: (1) the evidence offered at a trial or hearing after remand was substantially different from the evidence in the initial proceeding; (2) the prior ruling was clearly erroneous and would result in a manifest injustice if allowed to stand; or (3) the prior decision is contrary to a change in the controlling law which has occurred between the first and second appeal. *See generally* 5 Am. Jur. 2d *Appellate Review* §§ 611-613 (1995 & 1998 Supp.); Miller, supra, P0.404[1]; Wright, et al., supra, § 4478, at 790; *see e.g. Jett*, 175 Tenn. at 299, 133 S.W.2d at 999 ("The former opinion of the Court of Appeals was the law of the case on the second trial, and the evidence being the same, the circuit judge could not have done otherwise than to submit this issue of sound health to the jury . . . ."); *Clingan v. Vulcan Life Ins. Co.*, 694 S.W.2d 327 (Tenn. App. 1985) (The initial appeal did not establish the law of the case because the facts in the second appeal were not substantially the same as the facts in the prior appeal); *Arizona v. California*, 460 U.S. 605, 618, n. 8, 103 S. Ct. 1382, 1391, n. 8, 75 L. Ed. 2d 318 (1983) (The doctrine does not apply if the court is "convinced that [its prior decision] is clearly erroneous and would work a manifest injustice."); *Sherley v. Commonwealth*, 889 S.W.2d 794, 798 (Ky. 1994) (The law of the case doctrine does not apply where there has been an intervening change of controlling authority.)

*Memphis Publ'g Co.*, 975 S.W.2d at 306.

On appeal, Appellant argues that when this Court decided *Jenkins II*, this Court implicitly overruled the portion of this Court's decision in *Jenkins I* that related to the distribution of the income generated by the intellectual property after July 1, 2000. We disagree.

Under the law of the case doctrine, this Court was bound in *Jenkins II* to our holding in *Jenkins I* to the extent that one of the limited circumstances permitting reconsideration was not present.[1] Appellant argues in her reply brief that our prior holding in *Jenkins I* is contrary to the subsequent change in the controlling law, i.e., our decision in *Jenkins II*. In *Jenkins I*, among several issues, this Court "consider[ed] whether and to what extent the Surviving Spouse is entitled to a share of income generated by the intellectual property in the Decedent's estate." *Jenkins I*, 8 S.W.3d at 288. In *Jenkins II*, we solely considered "the applicability of the 'changing fraction' method of calculation of estate income as provided for in T.C.A. § 35-6-202(b)(1), a part of the revised Tennessee Uniform Principal and Income Act (TUPIA)." *Jenkins II*, 97 S.W.3d at 128.[2]

When this Court decided in *Jenkins II* the applicability of the 'changing fraction' method of calculation as to the Decedent's estate, Appellant did not raise any issue as to how this change in the law affected income generated from the intellectual property held in Decedent's estate. *See id.* at 130. In *Jenkins II*, we decided that the changing fraction method would apply to income generated after July 1, 2000. *Id.* at 132. Our decision, however, affected only the percentage of income the Surviving Spouse was entitled to receive. It did not affect the calculation of the total income earned

---

[1] On appeal, Appellant has only contended that our holding in *Jenkins I* is contrary to *Jenkins II* so as to permit reconsideration of the issue. We would also note that the other two circumstances that may permit reconsideration are not met in this case. On remand, the evidence at trial was not substantially different from the evidence presented at the initial hearing. Further, we conclude that our prior ruling on this issue was not clearly erroneous and has not worked a substantial hardship on Appellant.

[2] Section 35-6-202 of the Tennessee Code states in pertinent part:

> (b) In determining a beneficiary's share of net income, the following rules apply:
>   (1) The beneficiary is entitled to receive a portion of the net income equal to the beneficiary's fractional interest in the undistributed principal assets immediately before the distribution date, including assets that later may be sold to meet principal obligations.
>   (2) The beneficiary's fractional interest in the undistributed principal assets must be calculated without regard to property specifically given to a beneficiary and property required to pay pecuniary amounts not in trust.

Tenn. Code Ann. § 35-6-202(b)(1)-(2). This was a change in the law subsequent to our decision in *Jenkins I*. In *Jenkins I*, we were asked to adopt this method of calculation, which we refused to do. *Jenkins I*, 8 S.W.3d at 287-88. Because the enactment of section 35-6-202 of the Tennessee Code was a change in the law that met one of the circumstances permitting reconsideration under the law of the case doctrine, this Court decided this issue in *Jenkins II* and determined that this method of calculation applied to income earned by the Decedent's estate after July 1, 2000. *Jenkins II*, 97 S.W.3d at 131-132.

by Decedent's estate from which the Surviving Spouse would receive her percentage amount.  As to that calculation, we stated in *Jenkins I*:

> The Surviving Spouse is entitled to receive as part of her elective share assets equal to one-third of the value assigned to the Decedent's intellectual property. Included in this value is an amount equal to the projected future income that this property is expected to earn over the next twenty years. If the Surviving Spouse is also permitted to receive a one-third share of the income received by the Decedent's estate during its administration, she would effectively be receiving the same income through two separate avenues. We decline to approve such a method of distribution that allows the Surviving Spouse to take a "double-dip" of the income generated by the Decedent's intellectual property.

*Jenkins I*, 8 S.W.3d at 288.

Accordingly, we find our holding in *Jenkins I* with regards to the treatment of the income earned from the intellectual property of Decedent controlling as the law of the case.  Thus, we need not discuss the other issues raised pertaining to the income received from the Decedent's intellectual property.

### B.    Frivolous Appeal

In their brief, Appellees have petitioned this Court for an award of damages for frivolous appeal predicated on section 27-1-122 of the Tennessee Code.  Based upon the evidence in the record, the briefs on appeal, and the oral arguments, we conclude that this appeal is not frivolous and decline to award damages.

Section 27-1-122 of the Tennessee Code states:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122 (2005).  "A frivolous appeal is one that is devoid of merit, . . . or one that has no reasonable chance of succeeding. . . ." *Young v. Ballow*, 130 S.W.3d 59, 67 (Tenn. Ct. App. 2003) (citations omitted).  An appeal has no reasonable chance of success when it "require[s] revolutionary changes in fundamental standards of appellate review" for a reversal of the trial court's decision. *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977).  An appeal is frivolous if

it "cite[s] no evidence or rule of law which would entitle them to a reversal or other relief from the decree of the trial court." *Wells v. Sentry Ins. Co.*, 834 S.W.2d 935, 938 (Tenn. 1992) (citing *Kilpatrick v. Emerson Elec. Co.*, 685 S.W.2d 630, 632 (Tenn. 1985); *Lambert v. Travelers Ins. Co.*, 626 S.W.2d 265, 267 (Tenn. 1981)). "Determining whether to award these damages is a discretionary decision." *Young*, 130 S.W.3d at 67 (citing *Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn. 1985)).

In this third appeal, Appellant argued that the second appeal implicitly overruled the first appeal creating a change in controlling law, which the trial court did not follow. Even though this argument was tenuous, we cannot say that it was devoid of merit or had no reasonable chance of success. Accordingly, Appellees' request for damages for frivolous appeal is denied.

## IV. CONCLUSION

For the reasons set forth herein, we affirm the probate court's decision. Costs of this appeal are taxed to Appellant, Dolores Henry Jenkins and her surety, for which execution may issue if necessary. In addition, we decline to award damages for frivolous appeal.

_____
ALAN E. HIGHERS, JUDGE