# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 4, 2013

## ANTON CARLTON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hardeman County**
**No. 12-CR-211      Joseph Walker, Judge**

---

**No. W2012-02449-CCA-R3-HC - Filed July 11, 2013**

---

The petitioner, Anton Carlton, appeals the Hardeman County Circuit Court's summary dismissal of his petition for habeas corpus relief from his 2005 Rutherford County Circuit Court conviction of especially aggravated kidnapping for which he received a 25-year Department of Correction sentence. Upon our review, we affirm the order of the Hardeman County Circuit Court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JEFFREY S. BIVINS, JJ., joined.

Anton Carlton, Whiteville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Sophia S. Lee, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner attached a copy of his Rutherford County conviction judgment as "corrected on 4-9-12" to the habeas corpus petition. It shows that he was convicted upon a guilty plea of especially aggravated kidnapping and sentenced to serve 25 years without release eligibility. The judgment recites that the conviction emanated from count one of the indictment. No copy of the original judgment was exhibited to the petition.

Also exhibited to the petition in this case was a copy of the petitioner's guilty plea agreement documents and a copy of the plea submission hearing transcript. No copy of the indictment was exhibited to the petition. The plea documents indicate that the petitioner was charged with especially aggravated kidnapping, aggravated burglary, theft, and at least

two counts of aggravated robbery. The agreement recited guilty pleas to especially aggravated kidnapping in count one, two counts of aggravated robbery in counts six and seven, and aggravated burglary in count eight. The agreement further recites that counts two through five and counts nine and ten would be dismissed.

According to the transcript of the plea submission hearing, the prosecutor stated that the indictment included five counts of especially aggravated kidnapping. He announced a plea agreement that included one conviction of especially aggravated kidnapping, but in announcing this conviction he referred to "count two." Following the trial court's voir dire of the petitioner in the hearing, the court referenced "count two" as the basis for the especially aggravated robbery conviction. Attached to the petition is an order of dismissal that was apparently entered to effectuate the agreement's dismissal of various counts. The order listed count one as one of the dismissed counts.

In the habeas corpus court's order of dismissal, the court stated that because the petitioner's sentences had not expired and the trial court had jurisdiction to sentence the petitioner, habeas corpus relief was not available. The petitioner's notice of appeal was filed one day late, but this court excuses the late filing pursuant to Tennessee Rule of Appellate Procedure 4(a). *See* Tenn. R. App. P. 4(a) (providing that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice").

The petitioner's claim is that he was convicted effectively of especially aggravated kidnapping based upon count two of the indictment, not count one. He posits that the standing conviction on count one pursuant to the amended judgment is void and that he "was sentenced to serve time for an offense that he was never convicted of." Beyond that, the habeas corpus claim is not clearly articulated, but we believe the petitioner claims that the guilty plea authorizes only a conviction and sentence on count one, rendering any conviction pursuant to count two void, and that because count one has been dismissed, he cannot be further convicted on that count.

Contrary to the petitioner's assertion in his petition, the petition was not his first attempt to obtain habeas corpus relief. He previously sought such relief via a March 9, 2012 petition wherein he made essentially the same claim he makes in the case now under review. *See Anton Carlton v. Joe Easterling, Warden*, No. W2012-00798-CCA-R3-HC (Tenn. Crim. App., Jackson, Dec. 13, 2012). In rejecting the claim, this court said:

> The habeas corpus court considered the error in the judgment a "scrivener's error" which did not void the judgment. Rather, the habeas corpus court directed the clerk to "send a

copy to the Judge in Rutherford County for determination whether a corrected judgment form should be entered." The Rutherford County Circuit Court filed a "corrected judgment" on April 9, 2012, finding the Petitioner guilty of especially aggravated kidnapping in count one.

Clerical errors occur from a "mistake in filling out the uniform judgment document." *Cantrell v. Easterling*, 346 S.W.3d 445, 449 (Tenn. 2011). To remedy a clerical error in the judgment, Rule 36 of the Tennessee Rules of Criminal Procedure governs our protocol. The rule provides that "the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." Tenn. R. Crim. P. 36.

. . . Thus, it appears that the judgment reflecting a conviction for Count 2, rather than Count 1, is nothing more than a clerical error. The nature of the error is evidenced further by the Rutherford County Circuit Court filing a corrected judgment on April 9, 2012, which convicted the Petitioner of especially aggravated kidnapping as to Count 1. Therefore, the habeas corpus court did not err in summarily dismissing the Petitioner's claim. *See Victor E. McConnell v. Howard Carlton, Warden*, No. E2008-00986-CCA-R3-HC, (Tenn. Crim. App. May 19, 2009), *perm. app. denied* (Tenn. Oct. 19, 2009) (stating that "'mere clerical errors in the terms of a sentence may not give rise to a void judgment'") (quoting *Coleman v. Morgan*, 159 S.W.3d 887, 890 (Tenn. Crim. App. 2004)); *Adrian Wilkerson v. Howard Carlton, Warden*, No. E2007-02453-CCA-R3-HC, (Tenn. Crim. App. Nov. 20, 2008) ("[T]he trial court did not err in dismissing the petition and finding that the erroneous notations on Petitioner's judgments of conviction for especially aggravated robbery and theft are subject to correction pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure.").

. . . .

In summary, the Petitioner has not presented any claim which entitles him to habeas corpus relief.

*Anton Carlton*, slip op. at 3-4 (footnote omitted).

We completely agree with the reasoning of this court's panel in *Anton Carlton*. Even if we did not agree, we would be constrained by the law of the case doctrine to follow the holding so far as it relates to the review of the current petition. "Under the doctrine of the law of the case, when an initial appeal results in a remand to the trial court, the decision of the appellate court establishes the law of the case, which must be followed upon remand." *State v. Carter*, 114 S.W.3d 895, 902 (Tenn. 2003) (citing *State v. Jefferson*, 31 S.W.3d 558, 560-61 (Tenn. 2000)). "The phrase 'law of the case' refers to a legal doctrine which generally prohibits reconsideration of issues that have already been decided in a prior appeal of the same case." *Memphis Publ'g Co. v. Tennessee Petrol. Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn.1998) (citing 5 Am. Jur. 2d Appellate Review § 605 (1995)). "[A]n appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal." *Id.* (citing *Life & Casualty Ins. Co. v. Jett*, 133 S.W.2d 997, 998-99 (Tenn. 1939); *Ladd v. Honda Motor Co., Ltd.*, 939 S.W.2d 83, 90 (Tenn. Ct. App. 1996)). Previously, in response to the petitioner's raising the same claim he now raises in the current appeal, this court held that the anomaly in his convictions was a clerical error that could be – and was – fully addressed via Tennessee Rule of Criminal Procedure 36. This court did not deem the issue to be one of a void judgment that justified habeas corpus relief, and in *Anton Carlton*, we affirmed the summary denial of relief.

We discern that, in the present action, the petitioner has apparently added a new claim that count one cannot be resuscitated without violating principles of double jeopardy. Even if this claim had some viability, however, it is not cognizable in a habeas corpus proceeding; a conviction that runs afoul of double jeopardy principles is not void and is not subject to habeas corpus relief. *See Edward Pavwoski v. State*, No. M2012-01004-CCA-R3-HC, slip op. at 2 (Tenn. Crim. App., Nashville, Feb. 28, 2013), *perm. app. denied* (Tenn. June 24, 2013); *see also Scotty V. Nunn v. Tony Howerton, Warden*, No. E2012-01086-CCA-R3-HC, slip op. at 7 (Tenn. Crim. App., Knoxville, Dec. 19, 2012); *Ricky Lynn Hill v. Tony Parker, Warden*, No. W2010-01423-CCA-R3-HC, slip op. at 5 (Tenn. Crim. App., Jackson, Jan. 24, 2011).

For the foregoing reasons, we affirm the order of the habeas corpus court.

_____
JAMES CURWOOD WITT, JR., JUDGE