

**FILED**
**Dec 14, 2018**
**09:00 AM (CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Robert Watson | ) | Docket No. 2017-05-0515 |
| | ) | |
| v. | ) | State File No. 36534-2017 |
| | ) | |
| Catlett Construction, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

### Affirmed and Remanded—Filed December 14, 2018

In this second appeal in this case, the employee contends the trial court erred in failing to consider his medical reports to be sufficient proof of a specific injury, which he alleges arose out of and in the course and scope of his employment. The trial court determined the employee had presented insufficient proof to establish he will likely succeed at trial and denied his request for medical and temporary disability benefits. The employee has appealed. The employer has asked that we find this appeal frivolous and award attorney's fees and costs. We affirm the trial court's decision, conclude the appeal is not frivolous, and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Robert Watson, Spring Hill, Tennessee, employee-appellant, pro se

Michael Haynie, Nashville, Tennessee, for the employer-appellee, Catlett Construction

### Factual and Procedural Background

We previously issued an opinion in this case on May 18, 2018, containing the factual history of the case as follows:

> Robert Watson ("Employee") began working for Catlett Construction ("Employer") installing windows and doors in 2012. He alleged that he suffered injuries to his left shoulder and low back on June 23, 2016, when he lifted a window and experienced sharp pain.

1

Employee acknowledged having problems with his left shoulder and low back prior to going to work for Employer, but he asserted he informed his supervisor, Joel Catlett, on multiple occasions that he was experiencing pain and other symptoms as a result of his work. He maintained he told Mr. Catlett about the June 23, 2016 incident that caused an increase in his pre-existing symptoms. He testified that Mr. Catlett responded by telling him he was an independent contractor who was not covered by workers' compensation and that his problems were the result of normal wear and tear.

Mr. Catlett acknowledged that Employee complained of shoulder and back problems, but he denied that Employee ever expressed a belief that those problems were related to his employment. Mr. Catlett and Employee were friends prior to their working relationship, and Mr. Catlett testified he was aware that Employee had a history of problems with his shoulder and back and, in fact, wore a back brace and used an ice pack on his shoulder before Employer hired him. Employer denied being aware Employee claimed he suffered work-related injuries prior to his termination in May 2017.

Employee sought treatment on his own, initially treating with Teresa Pisani, a physician's assistant, on June 28, 2016. At that time, he complained of low back pain that began two days prior. Ms. Pisani noted that "[p]atient installs windows all day and is literally wearing out his back[.] [H]e over did [it] at home on Sunday." Employee returned to Ms. Pisani approximately one year later on June 8, 2017. At that time, Ms. Pisani observed that "[s]ince he did not have shoulder and back problems [prior to starting work for Employer in September 2012], it is likely that they incurred [sic] secondary to the repetitive lifting and twisting motion required to install windows and doors." Employee also saw Dr. John Klekamp for his back pain in October 2016, and the record of that visit indicates Employee had a "sharp onset" of back pain approximately one year previously while installing windows.

On August 5, 2016, Employee saw Dr. Christopher Stark for his left shoulder complaints. Dr. Stark noted that Employee reported a "long history of left shoulder problem[s] going on about a year" as well as a "1-year history of back problems." Dr. Stark continued treating Employee for his left shoulder injury, ultimately performing surgery. On November 12, 2017, Dr. Stark stated that "[t]he injury he had at the time of surgery in August 2017 does correlate and is related to the work he was performing in 2016."

2

*Watson v. Catlett Constr.*, No. 2017-05-0515, 2018 TN Wrk. Comp. App. Bd. LEXIS 19, at *1-4 (Tenn. Workers' Comp. App. Bd. May 18, 2018) (footnotes omitted).

Following the first expedited hearing, the trial court determined Employee had presented sufficient evidence from which the court could conclude he was likely to prevail at trial in establishing he gave proper notice of his injury. However, the trial court declined to award medical or temporary disability benefits based on a finding that Employee had not presented sufficient evidence to establish he was likely to prevail in showing his injuries arose primarily out of and in the course and scope of his employment. *See* Tenn. Code Ann. § 50-6-102(14) (2018). The trial court noted that Employee had provided inconsistent dates of injury and that his testimony and medical records did not identify a specific date of injury. Employee appealed that order, which we affirmed on May 18, 2018.

At the second expedited hearing, which was a decision on the record, Employee submitted, without objection from Employer, Standard Form Medical Reports ("C-32 reports") prepared by Dr. Stark and Dr. Mark Hawkins, Employee's chiropractor.[1] Dr. Stark prepared two C-32 reports dated December 4, 2017 and February 28, 2018.[2] On both reports, in response to an inquiry regarding whether a specific incident or series of incidents brought about Employee's injury, Dr. Stark marked "[y]es." He also indicated the employment activity was primarily responsible for Employee's need for treatment. On the February report, he described the incident as "6/23/16 moving windows/doors" and noted Employee's injury was a "[r]otator cuff tear, labral tear, AC joint injury."

However, in contrast to Dr. Stark, Dr. Hawkins marked "[n]o" in response to the inquiry regarding whether a specific incident or series of incidents caused Employee's injury. He indicated that the mechanism of injury was "lifting windows." Dr. Hawkins also initially marked "[y]es" in response to whether Employee's injury resulted from an aggravation of a pre-existing injury, but then marked out his answer and placed a question mark beside the inquiry. He identified Employee's injury as "rotator cuff impingement" and marked "yes" to the inquiry of whether the employment activity was primarily responsible for Employee's need for treatment.

The trial court declined to award medical or temporary disability benefits, finding that Employee's proof was still insufficient to establish he was likely to prevail in showing that he suffered a work-related injury identifiable by time and place of occurrence. The trial court reasoned that, although the three C-32 reports addressed

---

[1] The trial court noted Employer filed a notice of objection "pursuant to Tenn. Code Ann. § 50-6-235(c)(2)," but determined Employer was reserving its right to depose the doctors rather than objecting to the admissibility of the reports. Employer has not appealed that determination.

[2] The trial observed that, while Dr. Stark dated the second C-32 report February 28, 2017, that appeared to be a clerical error.

causation, Employee had not submitted evidence establishing that his injury occurred in the course and scope of his employment. The trial court also noted that the three reports were the only new evidence submitted and that Employee did not submit additional records, affidavits, or testimony establishing that he suffered injuries resulting from a specific incident at work on June 23, 2016. Employee has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2018). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2018).

**Analysis**

**A.**

Before addressing Employee's arguments, we address as a preliminary matter Employer's assertion that our prior decision, *Watson v. Catlett Construction*, No. 2017-05-0515, 2018 TN Wrk. Comp. App. Bd. LEXIS 19 (Tenn. Workers' Comp. App. Bd. May 18, 2018), dictates the result here. Employer, relying on the "law of the case" doctrine, contends Employee is precluded from litigating a second appeal on an issue decided in his first appeal, i.e., whether he is likely to prove a compensable injury at trial. We disagree.

The law of the case doctrine generally prohibits relitigation of issues that have been decided in a prior appeal of the same case. *Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998). As such, "an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal." *Id.* The law of the case doctrine, "which applies to issues that

4

were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication," serves several important objectives: the rule "promotes the finality and efficiency of the judicial process, avoids indefinite relitigation of the same issue, fosters consistent results in the same litigation, and assures the obedience of lower courts to the decisions of appellate courts." *Id.*

However, "[w]hile the doctrine of the law of the case can be a useful tool for the sake of judicial economy and consistency, the doctrine is neither a constitutional mandate nor a limitation" on a court's power. *State v. Hall*, 461 S.W.3d 569, 500 (Tenn. 2015). "Rather, it is a longstanding discretionary rule of judicial practice which is based on the common sense recognition that issues previously litigated and decided by a court of competent jurisdiction ordinarily need not be revisited." *Memphis Publ'g Co.*, 975 S.W.2d at 306. Because the law of the case principle "is merely a practice to guide the courts," it "directs a court's discretion [but] it does not limit the tribunal's power." *Creech v. Addington*, 281 S.W.3d 363, 383 (Tenn. 2009).

In the present case, Employee submitted *additional evidence* at the second expedited hearing, from which the trial court's present expedited hearing order arises. Employee was not precluded from doing so or from arguing he suffered an injury from a specific incident, and we are not precluded from reviewing the issue in light of the new evidence submitted. *See Green v. Rogers Grp.*, No. 2016-04-0085, 2017 TN Wrk. Comp. App. Bd. LEXIS 34, at *3-4 (Tenn. Workers' Comp. App. Bd. May 22, 2017). Simply put, the law of the case doctrine does not apply to these circumstances.

**B.**

Turning to the merits of this appeal, Employee asserts the trial court erred in concluding that the C-32 reports were insufficient to establish he would likely prevail at trial in proving a work-related injury identifiable by time and place of occurrence. In response, Employer asks that we find this appeal to be frivolous, asserting Employee should be sanctioned because he is attempting to relitigate matters already determined in the prior appeal.

An injured worker has the burden of proof on every essential element of his or her claim. Tenn. Code Ann. § 50-6-239(c)(6). However, at an expedited hearing, an employee need not prove every element of his or her claim by a preponderance of the evidence but must come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at trial consistent with Tennessee Code Annotated section 50-6-239(d)(1). *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to

5

be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

Generally, to be compensable, an injury must arise primarily out of and in the course and scope of employment and must cause death, disablement, or the need for medical treatment of the employee. Tenn. Code Ann. § 50-6-102(14). An "accidental injury" is one that is "caused by a specific incident, or set of incidents," and is "identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(14)(A). Furthermore, "[a]n injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B). An "accidental" injury generally does not include the aggravation of a pre-existing condition "unless it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(14)(A).

A key component of the 2013 Workers' Compensation Reform Act is the requirement that the injury for which benefits are sought arise "primarily out of and in the course and scope of the employment." Tenn. Code Ann. § 50-6-102(14). Traditionally, courts have held that the statutory requirements that an injury arise out of and in the course and scope of the employment are not synonymous "although both elements exist to ensure a work connection to the injury for which the employee seeks benefits." *Blankenship v. Am. Ordnance Sys., LLC*, 164 S.W.3d 350, 354 (Tenn. 2005). An injury occurs in the course of employment if it takes place while the employee was performing a duty he or she was employed to perform. *Fink v. Caudle*, 856 S.W.2d 952, 958 (Tenn. 1993). Thus, the course of employment requirement focuses on the time, place, and circumstances of the injury. *Saylor v. Lakeway Trucking, Inc.*, 181 S.W.3d 314, 318 (Tenn. 2005).

Mindful of these principles, the question before us is whether the evidence preponderates against the trial court's finding that Employee did not come forward with sufficient evidence that he suffered an injury on June 23, 2016 in the course of his employment. The trial court found the C-32 reports were not sufficient to establish Employee suffered an injury identifiable by time and place of occurrence. The court pointed out that the only difference between the second expedited hearing and the first expedited hearing was Employee's submission of the three C-32 reports. The court noted that at the first hearing, the medical records and testimony did not support a finding that he had suffered a specific injury on June 23, 2016. The court concluded that the newly introduced evidence was still insufficient, noting the various alleged dates of injury and the lack of any documented medical history identifying a specific incident or set of incidents.

After reviewing the record, we cannot conclude that the evidence preponderates against the trial court's finding that Employee is not likely to prevail in proving he suffered a work-related injury on a date certain. Rather, and consistent with the trial court's findings, Employee's medical records establish that he reported inconsistent dates of injury. At a June 28, 2016 doctor's visit, he complained of back pain, which the record reflects began two days prior to his visit. Employee's reported history indicated he installed windows, which was wearing out his back, as well as his belief that he "over did" it at home on the Sunday prior to that visit. Moreover, although Employee is correct that Drs. Stark and Hawkins identified the lifting and moving of windows, respectively, as the mechanism of his shoulder injury, this alone does not establish the occurrence of a specific incident on June 23 or a set of incidents identifiable by time and place of occurrence.

Additionally, there are inconsistencies in the C-32 forms themselves. Dr. Stark's December report lists a specific incident occurring on "6/23/16 moving windows/doors." However, Dr. Hawkins's response indicated there was no specific incident or series of incidents. In short, aside from Employee's assertion that the injury occurred at work, there is nothing in the record establishing Employee's injuries occurred in the course and scope of his employment. The evidence does not preponderate against the trial court's finding in that regard.[3]

## C.

Employer asks that we find Employee's appeal to be frivolous and to award sanctions in the form of attorney's fees and costs. As we have noted in prior cases, a frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016). In light of the additional evidence submitted by Employee and considered by the trial court, we do not find this appeal to be frivolous, and we deny Employer's request for sanctions pursuant to Tenn. Comp. R. & Regs. 0800-02-22-.04(6) (2018).

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision. Accordingly, the trial court's decision is affirmed and the case is remanded.

---

[3] Because we affirm the trial court's conclusion that Employee did not establish he suffered an injury in the course and scope of his employment, any discussion of whether his injury arose out of his employment is pretermitted.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| Robert Watson ) | Docket No. 2017-05-0515 |
| ) | |
| v. ) | State File No. 36534-2017 |
| ) | |
| Catlett Construction, et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Dale A. Tipps, Judge ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 14th day of December, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Robert Watson | | X | | | X | 405 Hump Circle Spring Hill, TN 37174; robertthumperwatson@gmail.com |
| Michael Haynie | | | | | X | mhaynie@manierherod.com |
| Dale A. Tipps, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |


_Matthew Salyer_

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov