IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 1, 2020

## JAMES V. HOLLEMAN v. BARBARA J. HOLLEMAN

Appeal from the Chancery Court for Knox County
No. M05-163466-1  Clarence E. Pridemore, Jr., Chancellor

———————————————————

No. E2019-02163-COA-R3-CV

———————————————————

This is the second appeal of this case.  In *Holleman v. Holleman*, No. E2018-00451-COA-R3-CV, 2019 WL 2308066 (Tenn. Ct. App. May 30, 2019), this Court remanded the case to the trial court for the sole purpose of determining the amount of Husband's reasonable attorney's fees and expenses under the parties' Marital Dissolution Agreement.  On remand, Appellee/Husband provided an attorney affidavit and timesheets to support his request for $11,260.00 in fees.  Appellant/Wife provided no evidence to dispute the amount, and the trial court entered judgment for Husband for the full amount. Wife contends that she did not receive proper notice of the hearing on Husband's motion and further contends that the trial court erred in awarding Husband his attorney's fees and expenses.  Discerning no error, we affirm.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

Barbara J. Holleman, Knoxville, Tennessee, appellant, Pro Se.

William A. Mynatt, Jr. and Robyn J. Askew, Knoxville, Tennessee, for the appellee, James V. Holleman.

**OPINION**

**I. Background**

In this second post-divorce appeal, Appellant Barbara J. Holleman ("Wife") appeals the trial court's November 13, 2019 order that was entered following this Court's

August 20, 2019 mandate in ***Holleman v. Holleman***, No. E2018-00451-COA-R3-CV, 2019 WL 2308066 (Tenn. Ct. App. May 30, 2019) ("***Holleman I***"). In ***Holleman I***, we affirmed the trial court's enforcement of the parties' Marital Dissolution Agreement ("MDA"). As is relevant to the instant appeal, in ***Holleman I***, we remanded the case for the sole purpose of determining Appellee James V. Holleman's ("Husband") attorney's fees. Specifically, we held:

> [T]he parties' MDA contains a provision that mandates an award of attorney's fees to a party who acts to enforce it. The MDA specifically provides:
>
> > In the event it becomes reasonably necessary for either party to seek the enforcement of any provision of this Judgment or to defend unsubstantiated claims under it, in addition to any other relief to which the enforcing or defending party may be adjudged entitled, he or she shall also be entitled to a judgment for reasonable expense, including attorney's fees incurred in seeking enforcement or defending unsubstantiated claims.
>
> In ***Eberbach v. Eberbach***, 535 S.W.3d 467, 478 (Tenn. 2017), our Supreme Court ruled as follows concerning an MDA that required an award of attorney's fees in favor of the party enforcing its terms:
>
> > [T]he Court of Appeals has no discretion whether to award attorney's fees when the parties have a valid and enforceable marital dissolution agreement which requires an award of reasonable attorney's fees to a prevailing or successful party. When such a MDA exists, it is subject to the normal rules of contractual interpretation and enforcement. If the MDA is determined to be a valid and enforceable agreement, the terms of the parties' agreement govern the award of fees, and the court must enforce the parties' terms to the extent the agreement demands.
>
> Accordingly, in this matter, based on the trial court's determination that the parties' MDA is valid and enforceable, we conclude that Husband is entitled to an award of attorney's fees due to his successful enforcement of the MDA's terms. . . . We therefore remand this issue to the trial court for a determination of a reasonable award of attorney's fees in favor of Husband.

***Holleman I***, 2019 WL 2308066, at *9-*10.

Following remand, on September 3, 2019, Husband filed a motion requesting a hearing on his attorney's fees and expenses. According to the certificate of service attached to the motion, Husband mailed the motion to Wife. In support of his claim for attorney's fees, Husband also attached to his motion an affidavit from his attorney along with timesheets evincing $11,260.00 in attorney's fees and expenses. The trial court set a hearing for October 15, 2019. On October 4, 2019, Husband filed a notice of hearing. According to the certificate of service, the notice was mailed to Wife on the same day.

Prior to the hearing on Husband's attorney's fees, Wife filed numerous motions. We have reviewed these filings and conclude that the relief sought therein is from proceedings and orders that were previously reviewed and adjudicated in *Holleman I*. As is relevant to this appeal, on or about October 11, 2019, Wife filed a motion in the trial court titled "Notice of Withdrawal of Actions filed on December 9, 2015, December 23, 2015, and February 26, 2016. . . ." Wife's "notice" contains the following uncorrected statement:

> Trial Court now has jurisdiction over the case, but since there is no record of process of service, no action filed stating a claim upon which relief could be granted, no jurisdiction over its judgments, violate Due Process of Law, and interfere with the parties right to a private contract, Ms. Holleman wishes to exit this matter by Withdrawing what she has filed on September 20, 2019 through October 1, 2013 **and has no reason to appear at [the] Hearing on October 15, 2019.**

(Emphasis added). Despite acknowledging the October 15, 2019 hearing, Wife failed to appear. The hearing proceeded in her absence, and no transcript was taken. On November 13, 2019, the trial court entered an order awarding Husband attorney's fees. The order provides:

> This cause came on to be heard on the 15th day of October, 2019, on the mandate issued by the Court of Appeals, James V. Holleman's Motion for Attorney Fees and Affidavit of Attorney Fees, and the various pleadings filed by Barbara J. Holleman in this matter. This matter was properly noticed for hearing on all pending motions, and Barbara J. Holleman upon being called out, failed to appear.
>
> IT IS THEREFORE ACCORDINGLY ORDERED ADJUDGED, AND DECREED as follows:
>
> 1. The Plaintiffs request for attorney fees in the amount of $11,260 is granted and he shall have a second lien against the proceeds of the sale of

- 3 -

the Monterey property in order to satisfy those attorney fees and expenses.
2. All motions filed by the Defendant subsequent to the issuance of [the] mandate of the Court of Appeals . . . are moot, without merit and are hereby denied.

Wife filed a timely notice of appeal to this Court. Thereafter, Wife submitted a Tennessee Rule of Appellate Procedure 24(c) statement of the evidence for approval by the trial court. By order of January 29, 2020, the trial court denied the proposed statement of the evidence on the ground that Wife was not present at the October 15, 2019 hearing and, thus, could not "convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Wife does not appeal this ruling.

## II. Issues

Wife raises seven issues in her appellate brief; from our review, most of the questions raised appear to be an attempt to reargue issues that were fully adjudicated in **Holleman I**, or in subsequent orders filed by this Court. In fact, in response to one of the several motions Wife filed in this Court following her appeal, on January 24, 2020, we entered an order wherein we emphasized the scope of our review:

> Our May 30, 2019 Opinion in case number E2018-00451-COA-R3-CV remanded the case to the Trial Court for the limited purpose of determining the reasonable amount of attorney's fees to be awarded to James V. Holleman pursuant to the parties' Marital Dissolution Agreement. All other issues in case number E2018-00451-COA-R3-CV were fully and finally decided, and mandate issued in that appeal on August 20, 2019.
> Appellant's motion to take judicial notice contains argument about issues fully and finally decided in our May 30, 2019 Opinion, including the propriety of awarding attorney's fees. The propriety of an award of attorney's fees was fully and finally decided when the mandate issued on August 20, 2019. The only issue remanded to the Trial Court was the issue of the determination of the amount of reasonable attorney's fees to award.

It is well settled that "when an initial appeal results in a remand to the trial court, the decision of the appellate court establishes the law of the case which generally must be followed upon remand by the trial court, and by an appellate court if a second appeal is taken from the judgment of the trial court entered after remand." **Memphis Publ'g Co. v. Tennessee Petroleum Underground Storage Tank Bd.**, 975 S.W.2d 303 at 306 (Tenn. 1998). The law of the case doctrine in Tennessee has been clearly established:

> [U]nder the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the

facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. The doctrine applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication.

*Creech v. Addington*, 281 S.W.3d 363, 383 (Tenn. 2009) (citing *Memphis Publ'g Co.*, 975 S.W.2d at 306). As explained in *Memphis Publishing*, the doctrine is not constitutionally mandated, nor is it a limitation on the court's power, but "it is a longstanding discretionary rule of judicial practice which is based on the common sense recognition that issues previously litigated and decided by a court of competent jurisdiction ordinarily need not be revisited." *Id.* (citing *Ladd by Ladd v. Honda Motor Co., Ltd*., 939 S.W.2d 83, 90 (Tenn. Ct. App. 1996) (citations omitted)). The purpose of the rule is to promote "the finality and efficiency of the judicial process, avoid [ ] indefinite relitigation of the same issue, foster [ ] consistent results in the same litigation, and assure[ ] the obedience of trial courts to the decisions of appellate courts." *Id*. The exceptions to the law of the case doctrine are limited and a reconsideration of an issue is permitted only if: (1) the evidence produced on remand is substantially different than the evidence produced at the initial proceeding; (2) the earlier findings of law are "clearly erroneous and would result in manifest injustice if allowed to stand;" (3) the prior ruling is "contrary to a change in controlling law that occurred between the first and second appeal." *Memphis Publ'g Co*., 975 S.W.2d at 306. None of these exceptions are present in the instant case. Accordingly, our review is limited to the trial court's November 13, 2019 order, which adjudicated the only issue remanded to the trial court in *Holleman I,* i.e., the determination of the amount of Husband's reasonable attorney's fees. As such, we perceive that only two of Wife's issues are within the scope of our review. We restate those issues as follows:

1.  Whether Wife's due process rights were violated for lack of notice of the October 15, 2019 remand hearing.
2.  Whether the trial court erred in awarding Husband $11,260.00 in attorney's fees and expenses under the MDA.

### III. Standard of Review

This case was tried by the court sitting without a jury; as such, we review the trial court's findings of fact de novo with a presumption of correctness, unless the evidence preponderates against those findings. *McGarity v. Jerrolds*, 429 S.W.3d 562, 566 (Tenn. Ct. App. 2013); *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006). For the evidence to preponderate against a trial court's finding of fact, the weight of the evidence must "demonstrate ... that a finding of fact other than the one found by the trial court is more probably true." *Williams v. City of Burns*, 465 S.W.3d 96, 108 (Tenn. 2015); *The Realty Shop, Inc. v. R.R. Westminster Holding, Inc.*, 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999). This Court conducts a de novo review of the trial court's resolution of questions

of law, with no presumption of correctness. *Kelly v. Kelly*, 445 S.W.3d 685, 691-92 (Tenn. 2014); *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013).

### IV. Notice of Hearing

In her appellate brief, Wife argues that her procedural due process rights were violated as follows:

> 8.  Opposing counsel violated Tn. R. Civ P. Rule 11.02 by [the] filing of [a] defective Notice of Hearing on October 4, 2019 (Rule 11.01, no proper signature of counsel and not stamped "Filed" with the Court).
> 9. Opposing counsel violated procedural due process at Tn. R. Civ. P. Rule 11.01 when he failed to sign Notice of Hearing properly, he signed Appellee's name "by William Mynatt." He did not forward a copy stamped, "Filed" with the Court to Appellant. Language in Notice of Hearing appears that Appellee is pro se and counsel had permission to sign his name, "by William Mynatt." (Notice to be included with forthcoming Motion to be filed pursuant to Rules of Evidence 202(a)).
>
> ***
>
> Appellant prays that the Court will see that she is entitled to proper notice prior to the court awarding anything pursuant to the parties' Marital Dissolution Agreement so she could defend in a hearing with an unbiased judge.

Here, the remand hearing was set for October 15, 2019, and Husband mailed the notice of hearing to Wife on October 4, 2019. As set out above, in her October 11, 2019 motion, Wife specifically acknowledged that she was aware of the October 15, 2019 hearing, but stated that she had "no reason to appear at [the] Hearing on October 15, 2019." True to her word, Wife did not appear at the hearing and did not move for a continuance. On appeal, Wife asserts that the trial court's entry of the November 13, 2019 order was in violation of her procedural due process rights because the hearing notice was deficient for lack of a "Filed" stamp and proper signature.

First, there is no requirement under the Tennessee Rules of Civil Procedure, case law, or statute that requires the document being served to carry any indication that it has been filed with the court prior to service. Rather, Tennessee Rule of Civil Procedure 5.05 specifies that "all papers after the complaint . . . shall be filed with the court **either** before service **or** within a reasonable time thereafter" (emphases added). While Rule 5.05 allows filing prior to service, it does not require filing before service. Rather, filing may be accomplished before service or within a reasonable time thereafter. Here, Husband's

- 6 -

notice of hearing contains a certificate of service stating that it was mailed to the Wife's home address on October 4, 2019, and a stamp from the Clerk and Master's office showing it was filed that day. As such, the notice was in compliance with Rule 5.05.

Wife further contends that the notice was defective because it contained Husband's attorney's signature. Tennessee Rule of Civil Procedure 11.01(a) requires that:

> Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address, telephone number, and Tennessee Board of Professional Responsibility number, if any.

Contrary to Wife's argument, Husband's motion and notice were in compliance with the signature requirements. Although not signed by Husband, these documents were signed by Husband's attorney of record and included his Board of Professional Responsibility number, address, and phone number. Rule 11.01(a) requires nothing further. Therefore, we conclude that Wife was properly and timely served with correctly executed and filed copies of Husband's motion and notice of the hearing thereon.

## V. Attorney's Fees

The trial court awarded Husband $11,260.00 in attorney's fees and expenses under the MDA. The amount of attorney's fees was evidenced by Husband's attorney's undisputed affidavit and timesheets. Wife did not appear at the hearing on attorney's fees and did not tender any evidence to support a different amount of fees and expenses. In addition, there is no transcript of the evidence and no Tennessee Rule of Appellate Procedure 24(a) statement of the evidence adduced at the October 15, 2019 hearing. It is well settled that, in the absence of a transcript or statement of the evidence, this Court must presume that there was sufficient evidence before the trial court to support its judgment. *PNC Multifamily Capital Inst. Fund XXVI Ltd. P'ship v. Mabry*, 402 S.W.3d 654, 661 (Tenn. Ct. App. 2012), *perm. app. denied* (Tenn. Apr. 10, 2013); *Outdoor Management LLC v. Thomas*, 249 S.W.3d 368, 377 (Tenn. Ct. App. 2007); *Baugh v. Moore*, No. M2013-02224-COA-R3-CV, 2015 WL 832589, at *3 (Tenn. Ct. App. Feb. 25, 2015). Here, the only evidence, i.e., Husband's attorney's affidavit and timesheets, supports the amount of attorney's fees awarded. Accordingly, we affirm the trial court's order awarding Husband $11,260.00 in attorney's fees.

## VI. Conclusion

For the foregoing reasons, we affirm the trial court's order. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, Barbara J. Holleman, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE